## STRANGI v. STATE.

(Division A. Dec. 17, 1923.  Suggestion of Error Overruled.  Jan. 7, 1924.)

[98 South.  340.  No. 23318.]

CRIMINAL LAW.  *Intoxicating liquors.  Only room or building designated in search warrant authorized to be searched;  evidence secured by search of building not designated in search warrant, inadmissible.*

Under section 1749, Code 1906 (section 2088, Hemingway's Code), only the room or building designated in the search warrant is authorized to be searched for intoxicating liquors, and evidence secured by search of building, not designated in warrant, is inadmissible against accused on trial for having liquors in possession.

APPEAL from circuit court of Harrison county.
HON. D. M. GRAHAM, Judge.
T. Strangi was convicted of the unlawful possession of intoxicating liquors, and he appeals.  Reversed and remanded.

*Mize & Mize,* for appellant.

The peremptory instruction requested by the defendant should have been given.  The defendant was not at home,

and the officers had no authority on his premises, or in any of his buildings, unless armed with a valid search warrant. Now, the officers had no authority to search anything except the building occupied by T. Strangi as store and residence, of Mississippi City.

The evidence disclosed here shows that there was nothing found in the building occupied by T. Strangi as store and residence in Mississippi City. They then went something over one hundred feet on defendant's premises and found this stuff they called wine and beer, and there is no evidence that it was intoxicating. They then went to his garage, seventy-five feet from his house and one hundred feet from his .storehouse, and found what one of them called "shinny" and another called "wine." There is no proof that this was intoxicating.

Of course in the *Tucker case,* 90 So. 845, they had to have a search warrant particularly describing the place and premises to be searched. The only thing specially designated in this search warrant was: "A certain room in a building occupied by T. Strangi as store and residence." The premises where the officers claimed to have found this concoction of beer and wine, and which is not proven to be intoxicating, was at least one hundred feet from the building occupied by Strangi as store and residence. The search warrant nowhere gives them authority to run over these premises. Where they claimed to have found the shinny and wine is altogether a separate building, about seventy-five feet from his house and one hundred feet from his storehouse. So they had no authority to search his garage.

In 1 Archbold on Criminal Practice and Pleading, page 131, it is said: "The proceedings upon search warrants should be strictly legal, for there is not a description of process known to the law, the execution of which is more distressing to the citizen. Perhaps there is none which excites such intense feeling in consequence of its humiliating and degrading effects."

In *Giles* v. *United States,* an appeal to the circuit court of appeals of the first circuit, decided October 28, 1922, reported in 284 Federal Reporter, page 208, in Advance Sheets of December 28, 1922, the court strictly construes everything pertaining to a search warrant.

We see that the building occupied by T. Strangi as store and dwelling house is the only thing that was authorized to be searched, yet the officers searched this and found nothing; but searched his garage, seventy-five feet away, and found what one of them called a bottle of wine and shinny. They were not authorized to do this under the search warrant. They then searched in the high weeds on his premises, one hundred feet, or in that neighborhood, from the building occupied by him as storehouse and residence, and found what was termed ''beer and wine.'' They were not authorized to do this. So they were trespassers as to this and it should not be admitted in evidence. And this was done over the vigorous objection of defendant. Time and time again he objected. And besides there was no evidence that any of the liquor was intoxicating, and the peremptory instruction should have been given.

*H. T. Odom* and *S. C. Broom,* Assistant Attorneys-General, for the state.

It is certainly the law in Mississippi that testimony based on knowledge acquired in searching the premises without search warrant in violation of the constitution is inadmissible. *Tucker* v. *State,* 90 So. 845; *William* v. *State,* 129 Miss. 469; *Miller et al.* v. *State,* 129 Miss. 774; *Taylor* v. *State,* 129 Miss. 815.

We must, therefore, consider in the present case whether or not search warrant authorizing an officer to search a certain room in a building occupied by T. Strangi as store and residence, etc., would authorize him to search the premises within an enclosure where the residence and store is located; and whether or not liquors

found outside of the room of the store, or residence, could be used as evidence against him.

As I understand the *Tucker case, supra,* the reason for the rule that liquors seized without a search warrant cannot be used as evidence to convict the party who had them in his possession, is because it is in effect, to make one testify against one's self. Another reason is because of the great humiliation attendant upon the search of one's premises and private effects. Now, applying that rule, as I understand it to be in the Tucker case, we observe that the officers were clothed with proper authority. The condition precedent had been performed; they had a search warrant based upon a valid affidavit. Certainly under this instrument they had a right to search the residence and the store. Therefore, notwithstanding the fact that the intoxicating liquors were not found within the residence, nor within the store, appellant has nevertheless suffered whatever humiliation may be necessarily attendant upon a search and could have no redress. In other words, he cannot complain of the search warrant itself. The appellant can only contend that the liquor itself cannot be introduced in evidence because it was not found in the house or the store.

We are willing to concede, for the sake of argument, that a broader term could have been used to describe the place to be searched; and perhaps by so doing we could have avoided the objection herein made by appellant. But if some such word as premises would not be all-embracing and sufficient to enable one under a search warrant to search the house and outhouses and surrounding grounds, then I fear that many controversies of a like nature will arise in the future. Surely it is not required that an officer should not be gifted with the powers of a Sir Conan Doyle, and be able to state positively in his affidavit for a search warrant, the identical pig-pen, or storm-cellar, or bunch of weeds, or any other particular place on the premises where the liquor is located.

"Authority to search a house will justify the search of a shop on the same premises if the goods under search are such as might reasonably be found in such shop." 24 R. C. L., sec. 16. "Search and Seizure," page 714. "Authority to search a house will justify the search of a shop on the same premises if the goods under search are such as might reasonably be found in such shop." See Note Am. St. Rep., Vol. 101, page 332, citing *Dwinnell* v. *Boyington,* 3 Allen 310 (Massachusetts case).

We submit that the above authorities, and the rule laid down therein, fits the present case like a glove, and that the real test in such cases is whether or not it is unreasonable search and seizure within the meaning of the law.

"It is believed that no search warrant is unreasonable in the legal sense when it is for a thing obnoxious to the law, and for a person and thing particularly described, and is issued on oath of probable cause." 24 R. C. L., sec. 19, page 716. See *Santo* v. *State,* 2 Iowa 165, 63 Am. Dec. 487. "An unreasonable search is an examination or inspection without authority of law of one's premises or property with a view to discovery of stolen, contraband, or illicit property, or for some evidence of guilt to be used in the prosecution of a criminal action." 24 R. C. L., sec. 22, page 717.

From the above authorities I think it will be seen that it was not an unreasonable search and seizure on the part of the officers when armed with a search warrant authorizing the search of a room in a residence, if while there they found liquor in the garage, or in the weeds on the premises.

Mize & Mize for appellant in reply.

The affidavit in the instant case shows that it was made under the statute, as the affidavit, among other things, says that: "This day, B. F. Duckworth personally came and appeared before me, . . . and makes oath that he has reason to believe, and does believe that vinous, malt, alcoholic, intoxicating liquors, etc., are being kept

and offered for sale, etc.,'' and prays for a search warrant.

So that the sufficiency of this search warrant, or its insufficiency, will bring up the construction of section 23 of the Constitution, which provides: ''The people shall be secure in their persons, houses and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized.''

We will state our position under the following heads: 1. If there is a conflict between the constitutional provision and the statutory provision, so that they cannot be harmonized and made to mean the same thing, then the constitutional provision must live and the statutory provision must disappear. 2. That the term ''probable cause'' as used in the Constitution means ''a belief honestly entertained and derived from facts and evidence which in themselves are sufficient to justify such belief.'' 3. That the party issuing the search warrant is the one whose duty it is to determine whether or not there is probable cause for the issuance thereof. 4. That a party's affidavit that he believes and has good reason to believe that another is guilty is wholly insufficient to constitute probable cause for the issuance of a warrant by the party to whom the affidavit is addressed.

In the case of the *State of Wyoming* v. *Peterson,* 13 A. L. R. 1284, is collected nearly all of the recent cases involving the question now before the court, and it will be difficult to cite cases in this brief not found either in the opinion in that case, or in the authorities cited by counsel in their brief as shown in this report; and perhaps useless for us to make further comment on these authorities than is therein made by the court.

We call the court's attention to the cases therein discussed wherein the search warrants were issued as directed by the statute, but not in accordance with the Con-

stitution.  Upon these cases, and the fundamental doctrine that a statute cannot be broader than the Constitution, we reply without further comment, feeling certain that no court will hold our statute to be ρ safe guide unless that court should also hold that the terms of the Constitution have also been complied with.

*H. T. Odom* and *S. C. Broom,* assistant attorneys-general for the state in rejoinder.

Our views on the question of the law of search and seizure may be briefly stated as follows: 1.  The fourth and fifth amendments to the Federal Constitution are not involved.    2.  Section 23 of the state Constitution only guarantees against an unreasonable search and seizure.  3.  Under our statutory law no search and seizure of intoxicating liquor is unreasonable so long as you do not search a building or a particular room in a building, as provided by the statute.  4.  The statutory provision is not unconstitutional because there is no property right in intoxicating liquor.  It is contraband and beyond the pale of the law.

Our first proposition is sustained by the case of *Tucker* v. *State,* 90 So. 845, in which it is said:  ''The fourth and fifth amendments to the Federal Constitution guaranteeing the people against unreasonable search and seizure and self-incrimination are directed at the exercise of Federal authority, and not at the states and their agents.''

Our second proposition speaks for itself.  Section 23 of the state Constitution is as follows: ''The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized.''

Note the words ''unreasonable seizure or search.''  Unless it is re-written it cannot be construed to mean to prohibit search and seizure, nor can it be construed as ab-

solutely requiring a search warrant in every instance. The test is the reasonableness or unreasonableness.

The third proposition cannot be successfully attacked or disputed. Section 1749 of the Code of 1906, provides for the issuance of a search warrant for the search of any room or building in which liquor was offered for sale, or bartered, or given away to induce trade, in violation of the law. The law then was that under certain circumstances liquor could be sold in Mississippi, and it was not unlawful to possess it under certain circumstances. You will please note that even then no provision was made by statute for the search of intoxicating liquors elsewhere than in a building or a room in a building. The reason for that was that even at that time liquor kept in violation of the law was not property.

In 1908, when it was no longer possible to sell liquor under any circumstances in Mississippi, and yet under certain circumstances it was lawful to have liquor in one's possession, the legislature re-enacted the very same section with reference to search and seizure, only changing the words where necessary to make it apply to the change in the prohibition law, and this section is 2088 of Hemingway's Code, and it only provides for the search of a building or a room in a building. And again it was said that there was no property right in liquor kept in violation of the law.

Ten years later, in 1918, the Bone-Dry Law was enacted, and you could neither sell nor possess intoxicating liquor. It was entirely outlawed, and under all circumstances and conditions was declared to be contraband, and there was no property right in it, and at the same time the legislature re-enacted the said section 2088 of Hemingway's Code by simply saying that it may be "searched and seized under the laws of the state." The law was, and the law is section 2088 of Hemingway's Code, and no search warrant is required for intoxicating liquors except in a building or a room in a building. In

other words, the statutory law has fixed the question of reasonableness or unreasonableness. They have virtually said that it is not unreasonable to search for intoxicating liquor anywhere in the state of Mississippi, and it is not necessary to have a search warrant to search for intoxicating liquor in the state of Mississippi, so long as you do not go into the building, or a room of the building where it is concealed.

That brings us to a consideration of the fourth proposition, and we maintain that it is not unconstitutional because it is not property; it is under state-wide and nation-wide condemnation; it is contraband and a thing obnoxious to the law, and in these four propositions we have briefly stated the whole substance of our position on the question of the law of search and seizure, in the state of Mississippi.

Our view of the law is supported by the case of *McClanahan* v. *Chaplian,* in the supreme court of appeals of Virginia, decided March 15, 1923; *Haywood* v. *United States* (C. C. A.), 268 Fed. 795, 803, 804; *Elrod* v. *Moss,* 278 Fed. 123. The two last cases being quoted with approval in the Virginia case. *United States* v. *Westmoreland Brewing Company* in the district court for the western district of Pennsylvania (not yet reported). The supreme court of Ohio, on January 1, 1923, delivered one unanimous opinion in seventeen cases, which may be designated as *Mike Rosanski, et al.* v. *State of Ohio.* The cases are numbered from 17,530 to 17,546. We hereby commend this opinion to the consideration of the court as being absolutely in point and well-reasoned.

Argued orally by *S. C. Broom,* Special Assistant Attorney-General, for the state.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a conviction on a charge of having intoxicating liquor in possession.

The appellant urges reversal on several grounds, but we shall notice only one, and that is whether or not the testimony supporting the conviction was admissible. It is contended the testimony was secured by search, without obtaining a warrant to search the premises upon which the liquor was found. The testimony was duly objected to by the defendant at the trial.

The warrant used by the officers authorized the search of "a certain room in a building occupied by T. Strangi as store and residence, of Mississippi City, Harrison county, Mississippi." The officers failed to find any liquor in the "room in the building occupied by T. Strangi as store and residence," whereupon they went to another and different building about one hundred feet away from the storehouse and there found the intoxicating liquor involved in this case.

We do not think the search warrant authorized the search of any buildings except the one named therein, to-wit, "a certain room in a building occupied by T. Strangi as store and residence." The warrant did not designate the premises and any other buildings thereon, but specifically authorized the search of the particular room occupied by the appellant, under section 2088, Hemingway's Code.

Therefore the search of a different and separate building one hundred feet away, and the seizure of the intoxicating liquor therein, was not a lawful search, and the evidence thus secured was inadmissible against the accused. Section 23, Constitution of 1890; *Tucker* v. *State*, 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377.

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*

SMITH, C. J. (specially concurring).

I concur in holding the evidence inadmissible, but solely on the authority of *Tucker* v. *State*, 128 Miss. 211, 90 So.

845, 24 A. L. R. 1377, which case I think was erroneously decided and should be overruled, for the reasons set forth by me in a dissenting opinion in *Owens* v. *State,* 98 So. 233, this day decided.