FATIMO *v.* STATE.

· [98 So. 537.   No. 23319.]

(Division A.   Jan. 7, 1924.)

1. INTOXICATING LIQUORS. *Warrant for search of certain building
   held not to authorize search of yard.*

   Warrant for search of a "certain room in a building occupied by"
   named person for liquor *held* not to authorize officers to search
   under an old counter in such person's back yard some distance
   from the building occupied by him, and used by the public.

2. CRIMINAL LAW. *Liquor obtained in place not designated in search
   warrant not admissible.*

   Liquor obtained upon a search in a place not designated in search
   warrant *held* inadmissible in liquor prosecution.

Appeal from the circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

On suggestion of error. Suggestion sustained, judgment of affirmance of lower court reversed, and case remanded.

For former report, see 95 So. 749.

*Mize & Mize,* for appellant.

The defendant runs a restaurant, renting part of a building from a barber who runs a barber shop therein. The barber rents the entire premises from a third person. The property consists of a building and back yard, and the barber occupied one room of the building in which he runs a barber shop, and the barber sub-rents the other part of the building, consisting of some four or five rooms and a main front room fronting on 28th Avenue in Gulfport, Mississippi, in which appellant runs a restaurant, and the other rooms leased by him he uses for rental purposes to roomers. The place has a back yard, with a fence on the South side and a fence on the North side, but on the West side there was no fence and that lot on that side joined a public alley, which is used by the public generally, and adjoining this alley and on the South east corner of the lot is a chicken house that the appellant had nothing to do with; and the only privilege appellant had over the back yard was to put some coal in it. The barber also rented part of the back yard to some painters who painted automobiles and who kept the cars there while painting them. The back yard is also used generally by the public in going through, and the alley is one of the public thoroughfares of the city of Gulfport. The barber used the chicken house; and, right up against the chicken house was located an old counter, with which appellant had nothing to do, under this old counter, out in the back yard, as above described, was

found the liquor involved in this case in a two gallon jug, by Officer Boyd, about thirty or thirty-five feet from the rear door of the building used by appellant as a restaurant and by the barber as a barber shop.

The search warrant called for the search of a "certain room in a building occupied by Nick Fatimo on 28th Avenue, between 13th Street and L. and N. R. R. Street, in the city of Gulfport, Harrison county, Mississippi." But no liquor was found anywhere in the building, and the only liquor that was found was that out in the back yard, under the old counter near the chicken coop, thirty or thirty-five feet from the rear door of the building.

The court erred in permitting the search warrant to be introduced in evidence since the affidavit on which the search warrant was predicated would first have to be introduced or its absence accounted for which was not done. *Miller* v. *State,* 93 So. 2; *Giles* v. *United States,* 284 Fed. Advance Sheets of December 28, 1922; 1 Archbold's Criminal Practice and Pleading, 131.

Even if the search warrant was properly introduced in evidence, the officers were not justified under this search warrant in searching the entire premises. The search warrant commanded the officers to search a "certain room in a building occupied by Nick Fatimo," and, under this search warrant, the officers went out and searched the back yard of this building, which yard adjoins an alley on the West side, with no fence between the yard and the alley, and which alley is a public thoroughfare, and back in the yard under an old counter found a jug of liquor.

The constitutional provision, among other things, provides that the place to be searched must be specially designated, and the court in *Miller* v. *State,* 93 So. 2, as well as in various other cases recently decided by this court, held that the search warrant must specifically designate the place to be searched, otherwise it is void.

134 Miss.—12

The officers had no authority to go beyond the room occupied by Fatimo in the search, and, when they did this, they exceeded their authority, and, even if they had found liquor that belonged to Fatimo out in the yard, it would not have been admissible; and therefore the court erred in permitting the introduction of this liquor, and in permitting Dossett and Boyd to testify that they found it in the back yard; and for these reasons this case should be reversed.

*S. C. Broom,* Assistant Attorney-General, for the state.

Does a search warrant which recites: "In a certain room in a building occupied by Nick Fatimo on 28th Avenue between 13th Street and L. and N. R. R. Street in the city of Gulfport, Harrison county, Mississippi," authorize the search of the back yard of the premises therein described? This brings into review the question, was it an unreasonable search and seizure within the meaning of the law? "It is believed that no search warrant is unreasonable in the legal sense when it is for a thing obnoxious to the law, and for a person and thing particularly described, and is issued on oath of probable cause." 24 R. C. L., section 19, page 716. See, also, *Santo* v. *State,* 2 Iowa, 165, 63 Am. Dec. 487.

"Authority to search a house will justify the search of a shop on the same premises if the goods under search are such as might reasonably be found in such shop." 24 R. C. L., section 16, page 714. See, also, note 101, Am. St. Rep., page 332; *Dwinnell* v. *Boyington.* 3 Allen (Mass.) 310.

It would be impossible in most cases for the affidavit to name the identical place where the liquor is concealed. I earnestly submit that the authorities which I have quoted above fit the present case like a glove.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a conviction of having intoxicating .iquor in possession, and was affirmed by this court without an opinion.

The main contention of appellant is that the evidence introduced by the state upon which the conviction rests was inadmissible because obtained without a search warrant, as held in the *Tucker Case,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377. The officers making the search had a warrant for the search of a ''certain room in a building occupied by Nick Fatimo,'' etc. No liquor was found in this room or building, but, on further search, in the back yard, under an old counter some distance from the building named in the search warrant, some intoxicating liquor was found, which was introduced in evidence at the trial. The place where the liquor was found was not only not designated in the search warrant, but it was a place used by many other people, or we may say was used by the public.

We do not decide whether or not the proof was sufficient to show the liquor found was in the possession of the appellant; but we think the search of the place where it was found was not a lawful search, because the search warrant did not designate this place to be searched, but specifically named a different place, to-wit, the room in the building occupied by the appellant. *Strangi* v. *State,* 98 So. 340, decided December 17, 1923. Therefore the evidence was inadmissible on the trial, and we erred in our former affirmance; and for these reasons the judgment of affirmance is set aside, the judgment of the lower court is reversed, and the case remanded.

*Sustained, and reversed and remanded.*

SMITH, C. J. (specially concurring).

I concur in holding that the warrant authorized the search only of the building, but think the evidence was competent, and my views relative thereto will be found

in my dissenting opinion in *Owens* v. *State,* 98 So. 233, not yet [officially] reported. The evidence points no more to the guilt of the appellant than it does toward the guilt of a number of other persons, and consequently is insufficient to support the verdict, for which reason I think the judgment should be reversed.