STATE *v.* PATTERSON.

[95 South. 96.   No. 23042.]

SEARCHES AND SEIZURES. *Evidence procured by unlawful search or seizure inadmissible against accused.*

Under section 23 of the state Constitution of 1890, providing, "The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched or the person or thing to be seized," evidence procured by an unlawful seizure or search is not admissible in evidence against the accused. *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, cited.

APPEAL from circuit court of Tishomingo county.

HON. C. P. LONG, Judge.

Henry Patterson was convicted in the court of the justice of the peace for unlawfully having control of intoxicating liquor, and appealed to the circuit court. From an order of the circuit court sustaining a motion to quash the indictment, the State appeals. Affirmed.

*C. E. Dorroh,* special agent for the state.

The only question here to be decided is whether or not there was an unreasonable search and seizure. Appellant is not unmindful of the case of *Tucker* v. *State,* 92 So. 845, and other cases decided since the opinion in the Tucker case. If this court holds that the evidence of its being whisky, could not be used against defendant, even though found in his possession, then the lower court should be upheld in its ruling, which ruling was contrary to the lower court's best judgment.

Honorable John H. Wigmore, author of "Wigmore on Evidence," Dean of Law School of Northwestern University, wrote an interesting article on "Using Evidence Obtained by Illegal Search and Seizure," which appears in the August number of the American Bar Association Jour-

nal. This article discusses the very proposition which is presented in this case.

ETHRIDGE, J., delivered the opinion of the court.

Henry Patterson was charged by an affidavit before a justice of the peace for unlawfully having control or possession of intoxicating liquor against the peace and dignity of the state, and was by the justice of the peace convicted and sentenced to pay a fine of one hundred dollars and costs, from which an appeal was prosecuted to the circuit court. In the circuit court an agreed statement of facts was made in which it was agreed that two officers had located a jug of whisky, and had hidden themselves for the purpose of apprehending the owner thereof, and while they were in hiding the defendant and another person approached within ten or fifteen steps of where the whisky was hidden, and the defendant said to the other party, "Where is it?" And the other party told him, "Around there somewhere." About this time the officers appeared on the scene and arrested the defendant and the other party without warrant, and took from the person of the defendant a bottle of whisky concealed in a paper sack which the defendant was holding in his hand when the officer approached him. The jug of whisky which was being watched was not found on the defendant, and the whisky he was tried for having in his possession is that taken from him by the officers, and this search and seizure on the part of the officers were without the consent and over the protest of the defendant at the time, and the defendant had filed a plea setting up his rights under the Constitution to protect him against unlawful search and seizure. The circuit court thereupon said that in *Tucker* v. *State*, 128 Miss. 211, 90 So. 845, it was held that such evidence could not be used when obtained by unlawful search and seizure; that, while the court felt that the decision was wrong in that case, and carried the wheels of justice back at least one hundred years, and that

the constitution only intended to guarantee persons against unreasonable searches and seizures, and that it would not be unreasonable to search a man actually engaged in the violation of law, that he would have to sustain the motion to quash on the authority of *Tucker* v. *State, supra.*

It is urged in the brief for the state, which sets out the opinion of the circuit judge, that it was error to quash, and that the *Tucker Case, supra,* is in conflict with the weight of authority in other states. We think the Tucker case was rightly decided, and it has been followed in several other cases by this court, and under that case the evidence obtained by an unlawful search and seizure is not admissible. This makes the constitutional protection of the citizen effective. It is better that the guilty escape punishment in particular cases than it is to strike down the constitutional safeguards established to protect the rights of citizens. We are not impressed with that progress that must be made at the expense of constitutional guaranties.

*Affirmed.*