## Rignall v. State.

[98 So. 444.   No. 23324.]

(Division B. Dec. 31, 1923.)

Intoxicating Liquors.  *Searches and seizures.  Warrant for search of "premises" held invalid.*

·The word "premises" has varying meanings, usually determined by the context, and when used with respect to property means land, tenements, and appurtenances, and a warrant merely to search the "premises" of a person, without other description, and without any words of limitation as to occupancy or use, or otherwise, is too broad and indefinite to meet the constitutional and statutory requirement of a specific designation of the place to be searched.

Appeal from circuit court of Copiah county.

Hon. D. M. Miller, Judge.

Joe Rignall was convicted of unlawful possession of a still, and he appeals.  Reversed and remanded.

*Guynes, & Mahaffy,* for appellant.

All the evidence in this case was obtained by the officers who searched appellant's premises in his absence, they, the constable and the justice of the peace, doing so by virtue of what purported to be a search warrant.  Appellant contends, for reasons hereafter stated, that search warrant was void, not issued according to law and does not comply with the law in its essential parts. The evidence was therefore incompetent and insufficient.

Section 23 of the Mississippi Constitution of 1890 protects the people against unlawful search and seizure, without a search warrant issued upon "probable cause supported by oath or affirmation." Section 26 protects the people against being compelled to give evidence against themselves.  This court in numerous cases has

held that an affidavit is necessary to authorize a search warrant properly issued and conforming to the laws of the state. See sections 23 and 26, Mississippi Constitution 1890; Hemingway's Code, sections 2088 and 1331-2; *Miller* v. *State* (Miss.), 93 So. 2; *Tucker* v. *State,* 128 Miss. 211; *State* v. *Patterson* (Miss.), 95 So. 96.

The writ purporting to be a search warrant by virtue of which appellant's premises were searched in this case is void, first, because in substance and in form it does not comply with the laws of Mississippi; second, because it was not supported by affidavit or issued upon probable cause.

These glaring defects in essential and legal requirements destroy the validity of the warrant in this case. But even if the warrant itself was sufficient in form and substance, it must fail for the further reason that in this case the state wholly failed to show the affidavit, or account for its absence and failed utterly to show its contents.

All the evidence, even if competent, fails to show a still or integral part thereof, in the possession of the appellant. However desirable it be to enforce the liquor laws of Mississippi we must not lose sight of the fundamental laws and constitutional guaranties.

*S. C. Broom,* Assistant Attorney General, for the state.

There are eight assignments of error, but they may all be treated under one general head, and that is, an objection to the introduction of evidence obtained by means of this search, on the theory that it was an unlawful search, and that evidence obtained thereby is therefore not admissible, following the rule as stated in *Tucker* v. *State,* 128 Miss. 211, 90 So. 458; *Miller* v. *State,* 93 So. 2; *State* v. *Patterson,* 95 So. 96.

Since it is manifest from the whole record that if this evidence was admissible, then, of course, the verdict is

justified by the evidence in the case; it is therefore unnecessary to consider any other phase of the question except that which pertains to the search warrant itself.

We have observed that no affidavit for the search warrant has been produced but the justice of the peace who issued it swears that one was made, and that it was in his docket and that he brought the docket to the chancery clerk's office and thereafter he was unable to find the affidavit.

It is contended by counsel for appellant that while it has been sufficiently shown that the affidavit itself was lost, yet there was no evidence introduced as going to show its contents. Our answer to that is that the affidavit is presumed to be regular and proper until the contrary is shown.

The question here is not whether or not there was a defect in the affidavit, but the question is, Was the affidavit actually made? Of course no search warrant could have been issued unless the affidavit had been made. This having been disposed of there remains but one other question for consideration, and that is the validity of the search warrant itself.

The form of the search warrant in this case is a substantial compliance with the terms of the statute. It is not in the exact language, and its irregular and unusual form is due to the fact, that the justice of the peace did not have a regular form for a search warrant and when we come to examine the statute we find that no form is provided in the statute for such cases, and observation and experience have shown that it would be impossible to frame one that would meet with the approval of all of the bar of the state.

We are familiar with the rule, as stated by the authorities cited by appellant with reference to the admissibility of evidence procured without a search warrant, or by means of an unlawful search, and until those

authorities are overruled, that is the law in Mississippi, and this is neither the time nor place to ask that these authorities be overruled. There can be no doubt as to the guilt of the appellant in this case, but if it be found that this evidence obtained by means of the search was not admissible, then the case would have to be reversed. The officers proceeded in good faith in an honest effort to comply with the law. They did not knowingly or intentionally violate any constitutional right of the appellant in this case.

To violate a constitutional right would be to commit a crime. In the commission of a crime, *mens rea*, guilty mind, evil intent is a necessary element. The test in this case is, was the appellant denied any substantial right?

*Guynes & Mahaffe* for appellant in reply.

It is insisted by the state that the affidavit is presumed to be regular, and the burden of proof was upon the defense to show to the contrary. Such a proposition does violence to all rules of evidence and to the very essential requirements of the Constitution itself. We are left to speculate as to contents of an affidavit, whether it shows probable cause for searching any one's premises, whose premises, where the premises are, for what to search, why search at all, etc. Who knows the contents better than the witnesses for the state in this case? How could defendant know its contents? How could we ever show the contents of an affidavit, which, as in this case, has so mysteriously disappeared?

The search warrant itself is invalid. It fails to state that it was issued upon "probable cause, supported by oath or affirmation." The said warrant fails to designate or to suggest the thing to be searched for, or the thing to be seized. The warrant fails to designate the place to be searched except as follows: "Search the premises of Joe Rignall." "The premises of Joe Rig-

nall'' are not located as to county or state. But we
insist that even were this true, still the word ''premises''
could not authorize the search of the dwelling, the yard
or any other houses, or the curtilage.

In *State* v. *Moore,* 24 So. 308 (Miss.), this court holds
''the word 'premises' in the indictment does not neces-
sarily, or even ordinarily, mean a dwelling house or the
yard, or curtilage thereof.''

In *State* v. *Comolli,* 101 Me. 47, the court in constru-
ing the effect of the word ''premises'' though in that
case it held the words preceding the use of this word
sufficiently described the place, at the same time, and in
the same case announced correctly the effect of the word
in this language: ''A complaint and warrant merely to
search the premises of a person would not authorize the
search of a dwelling house.''

In *United States* v. *Alexander,* 248 Fed., 308, the court
holds the following insufficient in the warrant (a liquor
case): ''concealed upon and by use of corner Davis and
Ashley St., Jacksonville, Duval County, Florida, being
the premises of Jim Alexander.''

In view of these fatal defects in the record, and espe-
cally in view of the fatal defects in the search warrant
which cannot be cured, this case should not only be re-
versed but the appellant discharged.

Argued orally by *J. F. Guynes,* for appellant, and *S.
C. Broom,* Assistant Attorney General, for the state.

COOK, J., delivered the opinion of the court.

The appellant, Joe Rignall, was convicted of unlawfully
and feloniously having in his possession a still and sen-
tenced to the penitentiary for a term of two and one-half
years, and from this conviction and sentence he prose-
cuted this appeal.

The evidence upon which the conviction was based was secured by means of a search of appellant's home and outhouses, and was introduced over the objection of the appellant, these objections being based upon the invalidity of the warrant under which the search was made.

The justice of the peace who issued the search warrant testified that an affidavit was made on which the warrant was issued, but that it had been lost and could not be produced in evidence. The warrant was introduced, and that part of it which appears in this record reads as follows:

"State of Mississippi:

"To Any Lawful Officer of Copiah County, Mississippi: You will forthwith search the premises of Joe Rignall to find any unlawful handling of intoxicating liquor and deal with him as the law directs. Bring him before the undersigned, a justice of the peace, in said county and district number 2, and answer to the state of Mississippi on a charge ————."

The validity of this search warrant is attacked on numerous grounds, but it will be necessary to discuss only the one which challenges the sufficiency of the description of the place to be searched.

Section 23 of the Constitution provides that no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched, and section 2088, Hemingway's Code, Laws of 1908, chapter 115, authorizes the issuance of a warrant for the search of any room or building designated in an affidavit of a credible person that he has good reason to believe and does believe that intoxicating liquors are being kept or offered for sale in such room or building. The command of the warrant in the case at bar is to search "the premises" of the appellant, without describing such premises in any way or designating the county in which they are located. The word "premises" has

varying meanings, usually determined by the context, and when used with respect to property means land, tenements, and appurtenances, and we think a warrant merely to search the "premises" of a person, without other description, and without any words of limitation as to occupancy or use, or otherwise, and without any designation of the county in which such premises are located, is entirely too broad and indefinite to meet the constitutional and statutory requirement of a specific designation of the place to be searched. Since the warrant was illegal on account of the insufficient description of the property or place to be searched, the evidence obtained by means of the unlawful search is therefore inadmissible. *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377; *Miller* v. *State,* 129 Miss. 774, 93 So. 26; *Owens* v. *State,* (No. 23717), 98 So. 233, not yet [officially] reported.

The judgment of the court below will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*