TAYLOR *v*. STATE.

(Division B. Jan. 14, 1924.)

[98 South. 459. No. 23315.]

1. SEARCHES AND SEIZURES. *Officers without right to search place not described in warrant.*

   Officers have no right to search any place except that described in the search warrant.

2. SEARCHES AND SEIZURES. *Search of grounds and outhouse cannot be made under warrant describing place to be searched as "residence."*

   Where a search warrant describes the place to be searched as a building occupied as a "residence," no search can be made of the grounds or an outhouse situated on the same premises with the residence.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Joe Taylor was convicted of the unlawful manufacture of intoxicating liquors, and he appeals. Reversed and remanded.

*L. W. Maples,* for appellant.

The evidence obtained by the officer by his promise to the defendant, that he would do what he could for him, and get the judge to be as light as possible, is a promise of a reward and is not admissible, because it is not free and voluntary on the part of the defendant, and the following decisions have settled the question as to the admissibility of evidence obtained by the promise of a reward, and it was error on the part of the trial court to allow this evidence to go to the jury for their consideration, as is shown by the following decisions: (1844) *Peters* v. *State,* 4 S. and M. 31; (1859) *Simon* v. *State,* 39 Miss. 288; (1859) *Frank* v. *State,* 39 Miss. 711; (1870) *Cady* v. *State,* 44 Miss. 332; (1874) *Garrard* v. *State,* 50 Miss. 147; (1883) *Simmons* v. *State,* 61 Miss. 243; (1896) *Hunter* v. *State,* 74 Miss. 515, 21 So. 305; (1896) *Harvey* v. *State,* not reported, 20 So. 837; (1897) *Ford* v. *State,* 75 Miss. 101, 21 So. 305; (1898) *Mitchell* v. *State,* not reported; 24 So. 312; (1899) *Draughn* v. *State,* 73 Miss. 574, 25 So. 153; (1901) *Baluck* v. *State,* 79 Miss. 317, 31 So. 105; (1903) *Mackmaster* v. *State,* 82 Miss. 459, 34 So. 156; (1907) *Johnson* v. *State,* 89 Miss. 773, 42 So. 606; (1912) *Mathews* v. *State,* 102 Miss. 549, 59 So. 842; (1914) *Johnson* v. *State,* 107 Miss. 196, 65 So. 218. A search warrant must specially designate the place to be searched and the thing to be seized.

It will not be necessary to give many authorities to show the application of this rule of law, and the way it is construed by courts, as will be cited in the following decisions and references given of our Constitutional·rights. The foregoing are some of the most recent decisions on the subject: (1890) State Constitution in the Bill of Rights, section 23; (1910) *Livelar* v. *State,* 58 So. 681; (1922) *Tucker* v. *State,* 90 So. 845; (1922) *Miller* v. *State,* 93 So. 2; *Boyd* v. *United States,* 116 U. S. 616.

Extracts might have been made from other state courts as to the universal application of this subject, but to give such a voluminous brief on this subject would be falling into the folly of needless repetition.

Evidence obtained by the search and seizure outside of the room or building of the defendant was illegal in that the search warrant did not specially designate any place other than a room or building to be searched, and that there was no search warrant specially designating a still, etc., used in the manufacture of whisky, either in the room or building. The search warrant did not give the officers the right to search the premises on the outside of the room or building, and hence the search outside of the room or building of the defendant was illegal and the evidence obtained by such a search and seizure should not have been admitted to go to the jury. The following are the most recent authorities on the inadmissibility of such evidence: *Hoggs* v. *State,* 89 So. 859; *Williams* v. *State,* 92 So. 584; *Livelar* v. *State,* 53 So. 681; *Tucker* v. *State,* 90 So. 845; *Miller* v. *State,* 93 So. 2; *Butler* v. *State,* 93 So. 3.

*S. C. Broom,* Assistant Attorney-General, for the state.

There are three assignments of error. The first assignment is that evidence obtained by the promise of reward is inadmissible.

It is contended by counsel for appellant that all of the evidence in this case was inadmissible because after having found every integral part of a still except the little connecting link which connects the copper coil to the boiler, and having been unable to find this connecting link the officers suggested to the appellant that he might as well show it to them because they had him anyway, and he could save them a lot of trouble, and if he would produce it they would ask the court to be light on him, etc. Therefore, they argue that all of the evidence obtained on this occasion is inadmissible. This position on the part of appellant is untenable for several reasons. First, the rea-

son underlying the rule for the suppression or exclusion of evidence obtained by means of a confession made as a result of a promise of reward is that such confession is untrustworthy and unsafe, and therefore, as a matter of public policy it is suppressed.

It is not the rule that we are concerned about, it is the reason underlying the rule. The rule itself is dependent upon the reason. If the reason does not exist, the rule cannot exist. When you remove from any given case the possibility of a confession being untrue, then there is no longer a reason for excluding that confession. Under the facts and circumstances, as shown by the record in this case, there could be no possibility that the confession was untrue.

Granting for the sake of argument that this confession as to this missing link was unlawfully obtained, and therefore inadmissible, the case must nevertheless be affirmed, because of facts otherwise established. *Graves* v. *Miss., etc., R. Company,* 6 H. 548; (1845) *Davis* v. *Black,* 5 S. and M. 226; (1845) *Hand* v. *Grant,* 5 S. and M. 508; (1858) *Fore* v. *Williams,* 35 Miss. 533.

"A judgment which is fully supported by competent evidence will not be disturbed because of the admission of improper testimony." (1876) *O'Leary* v. *Burns,* 53 Miss. 171; (1877) *White* v. *Presly,* 54 Miss. 313; (1877) *Rothchild* v. *Hatch,* 54 Miss. 554; (1879) *Mitchell* v. *Tishimongo Sav. Institution,* 56 Miss. 444; (1879) *Cavanah* v. *State,* 56 Miss. 299; (1882) *Fletcher* v. *State,* 60 Miss. 675; (1884) *Penn* v. *State,* 62 Miss. 450.

The second assignment of error, and likewise the third, is directed at the search warrant, but it is manifest from the whole record that there is no merit in these two propositions.

There was a valid search warrant issued upon a valid affidavit, as provided by statute, particularly describing the house and room to be searched. It was known to be and was the home of the appellant herein. The police

officers knew this, and the warrant was served on the appellant at his home before the search was made. But it is argued that inasmuch as they found the mash, the garden hose, and the copper coil in an outhouse in the back yard, or elsewhere than in the building, or a particular room in the building, that this was an unlawful search. If on the other hand, the search warrant had authorized the search of the premises, then, of course, counsel for appellant would have contended that it was too broad in its scope, and did not authorize the search of the house, or a particular room in the house, and it would be insisted that it be confined to the exact language of the statute. As a matter of fact the chief cause of complaint on the part of appellant in this case is that he was convicted, and there is no doubt but he would have vigorously objected to any sort of a search warrant authorizing the search of the premises.

As a matter of fact section 2088 of Hemingway's Code is the only statutory law we have to govern us in the matter of search and seizure of intoxicating liquors, and this statute only provides for a search warrant for a building or a particular room in a building, therefore, we might argue that no search warrant is ever required for intoxicating liquor so long as you do not search the house or a particular room in the house, and if this be true, then none was required outside of the house. But after all the law of search and seizure is dependent upon section 23 of the Constitution of the state of Mississippi, and it simply says that persons shall be free from unreasonable search and seizure, and the test is, was this an unreasonable search?

We submit that it would be a very unreasonable thing to say that after having found the liquor in the house, and being led by the tracks of crutches through the back yard to the place of concealment of the still, of the mash and of the coil, that the officers should have stopped without making further investigation and destroying the equipment for the manufacture of the liquor. They would

have indeed fallen very short of their duty as sworn officers of the law. I think it unwise to dignify a contention of this sort by entering into any argument concerning it. The fact is, this was a reasonable search, conducted in an orderly and legal manner, and all statutory requirements had been observed and no constitutional rights were denied the appellant.

Sykes, P. J., delivered the opinion of the court.

The appellant was convicted of manufacturing intoxicating liquors, and sentenced to serve a term of nine months in the penitentiary. From which judgment this appeal is prosecuted.

Affidavit was made before a justice of the peace of Harrison county, for the issuance of a search warrant, to search the house occupied by the defendant as a residence, for intoxicating liquors. The search warrant authorized the search ''of a building occupied by Joe Taylor as a residence'' in the city of Gulfport, located at Mills avenue. The residence of the defendant was searched, and some liquor was found therein. It is indicated from the record that he either pleaded guilty or was convicted in the municipal court of having liquor in his possession. The officers further searched an outhouse and the yard of the defendant. They found parts of the still in the outhouse and the other part in the yard. There was one little piece of the still missing, and one of the officers requested the defendant to get it, stating that if he would do so he would ask the judge of the court to be light on him. The defendant then produced this piece. Conditions indicated that the still had been in operation a short time before the search.

It is contended by the appellant that the testimony relative to the finding of the still in the outhouse and in the yard was inadmissible because the search warrant only

provided for a search of the residence. Seasonable objec-
tion was interposed to this testimony in the lower court.
The officers had no right to search any place except that
described in the search warrant. In this case both the af-
fidavit and warrant expressly limited the place to be
searched to the building occupied by the defendant as a
residence. This description does not include the grounds
nor the outhouses on the premises. *Strangi* v. *State,* 98
So. —, decided by this court December 17, 1923. The
court should have sustained this objection. These of-
ficers cannot testify as to anything they found either in
the yard or in this outhouse. This incompetent testimony
is the only proof of the *corpus delicti* in this case.

*Reversed and remanded.*