VAUGHN *v.* STATE.*

(Division B. Oct. 13, 1924.)

[101 So. 439. No. 24355.]

CRIMINAL LAW., *Intoxicating liquors. Search of property not described in warrant unlawful, and evidence obtained thereby inadmissible.* Where an officer procures a search warrant to search a particular automobile, and under such warrant searches a different automobile belonging to a different person and finds liquor therein, the search is unlawful, and the evidence obtained thereby is inadmissible in evidence. *Tucker* v. *State*, 128 Miss. 211, 90 So. 545, 24 A. L. R., 1377; *Owens* v. *State*, 133 Miss. 753, 98 So. 235; *Butler* v. *State*, 129 Miss. 778, 93 So. 3, cited.

*Headnote 1. Criminal Law, 16 C. J., section 1110; Intoxicating Liquors, 33 C. J., section 383 (1926 Anno).

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

C. C. Vaughn was convicted of the unlawful possession of intoxicating liquor, and he appeals. Reversed and defendant discharged.

*George H. Hill,* for appellant.

I. This is simply a case where the officers did not have any search warrant to search appellant's car and there-

fore under *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, and *Owens* v. *State,* 98 So. 235, this case should be reversed and appellant discharged. Also, see, *Butler* v. *State,* 93 So. 3; *State* v. *Patterson,* 95 So. 96; *Miller* v. *State,* 93 So. 2.

II. The fact that the officers had a search warrant to search a car owned by some person other than the appellant did not authorize them to search appellant's car. *Owens* v. *State,* 98 So. 233; *Strangi* v. *State,* 98 So. 340; *Taylor* v. *State,* 98 So. 459.

*F. S. Harmon,* Assistant Attorney-General, for the state.

The state insists that this case is clearly and plainly distinguishable and that the doctrine of the Tucker case and cases following same is here inapplicable. In the first place, officers here convicted the appellant on testimony secured before any unauthorized search was made by them. These officers had a right to conceal themselves on the side of the road. They had a right to rise as quickly or as slowly as they pleased. There is nothing in the record to indicate that they did any act which had the legal effect of putting the appellant in immediate fear of immediate bodily harm, so as to constitute an assault. On the other hand, the record shows simply that these officers suddenly rose up; that appellant saw them and their sudden appearance caused him to momentarily take his mind off the car which same went dead on the side of the hill.

Coming now to a still more important fact, namely, the voluntary act of appellant in seizing a wrench and breaking this two-gallon jug of liquor so that the contents poured on the ground in plain view of these officers who were then coming up to the car. This voluntary act of appellant enabled the officers to determine that this was intoxicating liquor through the senses of sight, smell and

taste. The odor of the liquor which appellant voluntarily and affirmatively caused to escape into the road, was unmistakable; the color and appearance of said liquor was unmistakable and witness Mann swore that some of the same liquor which he sopped up from the road and thus tasted, showed unmistakably that it was intoxicating liquor. The officer's had thus far committed no unauthorized act and had made no unlawful search. They had a right to be in the road and to breathe in the fumes of the whiskey. They had a right to be in the road and to see this liquor draining out of the car onto the ground, and witness Mann had a right, if he chose to stoop to it, to lap up this liquid out of the road and thus convince himself by the sense of taste that it was liquor. In all of this, no property of appellant was touched. No search of either appellant or of the car had been made. This being true, all of this vital and essential testimony was admissible and it was on the strength of this testimony that appellant was convicted.

It is our contention therefore, that the additional testimony relative to the search of the car, and the finding therein of the broken jug, while inadmissible did not constitute prejudicial error and does not therefore, justify a reversal of this cause. The verdict of the jury could not under any reasonable theory have been different if the inadmissible testimony had been excluded. The inadmissible testimony did not and could not reasonably have changed a verdict of not guilty into a verdict of guilty.

We turn now to another point which is even more important, namely, the fact that the officers here testified to a crime being committed in their presence, having knowledge that a crime was being committed, before any search of the car commenced. The doctrine is too well settled to justify citation of authorities, that officers may testify as to crime committed in their presence and may arrest offenders for crime so committed. What is the

situation here? These officers were in the public road where they had a right to be. Appellant seeing the officers, seized a wrench and broke this jug of liquor so that its contents by his own affirmative act, escaped into the public road. The officers by smelling same, seeing same, and tasting same in and on the public road where they had a right to be, had actual knowledge that a crime was being committed in their presence before they laid a single finger on this automobile. It is a crime in Mississippi to have liquor in possession. Appellant knowingly had said liquor in his possession and by his own act, he transferred this knowledge to the officers. The officers therefore, arrested appellant· and seized his car because a crime was being committed in their presence, which crime they had knowledge of before any arrest, any search or any seizure took place. Having prior knowledge of the commission of a crime in their presence, the subsequent arrest, search and seizure were valid and could be testified to. We urge with all possible earnestness the validity of the argument here advanced before this court. It is submitted that the distinction drawn in this case is logical and sound and in affirming same for the reason here advanced, the court will in no wise be departing from the doctrine to which it has adhered since the decision in *Tucker* v. *The State,* was announced.

*George H. Hill,* in reply, for appellant.

We respectfully submit that the record clearly shows that the appellant was in a public road driving his own car at a place where he had a right to be when the officers, who were concealed out on the side of the road for the express purpose, as testified by them, for the purpose of searching the car without any search warrant, sprang up on each side and in front of the car and advanced on the car for this avowed purpose and that when the sheriff was within two or three feet of the car, that the jug was

broken and the liquor contained therein ran out through the bottom of the car. The sheriff grabbed up the parts of the broken jug, and attempted to save some of the liquor for evidence, getting it on his feet and hands and clothes. At the same time he was doing this his deputies were searching the car at other points and that he arrested appellant. That at the time he arrested the appellant, he had no warrant of any kind or description for his arrest; had no authority whatever to stop him in the road and make the attempted, unlawful search and that the whole proceeding was illegal from beginning to end so far as appellant's Constitutional rights and privileges are concerned. That under the rule announced in *Tucker* v. *State,* and *Owens* v. *State,* and other cases in line therewith, that this case should be reversed and remanded and the appellant discharged because all of the evidence was obtained by virtue of the unlawful search of appellant's car.

E THRIDGE , J., delivered the opinion of the court.

The appellant, Vaughn, was convicted of unlawfully having intoxicating liquors in his possession. The first conviction was in the justice of the peace court, and the case was appealed to the circuit court, where the appellant was again convicted and given a fine and jail sentence. The testimony for the state was objected to on the ground that the evidence was procured by an unlawful search and was therefore inadmissible against the defendant. The sheriff procured a search warrant to search the automobile of one Clayton, and he and a deputy and a justice of the peace went upon a roadside and secreted themselves, having information that Clayton would come along said road. The affidavit described Clayton's automobile as the place to be searched. Vaughn and Clayton were in Vaughn's car coming along said road, and as they reached the place where the sheriff, deputy sheriff, and

justice of the peace were secreted, which was on the side of a steep hill where a car would necessarily have to go at a slow rate of speed, the officers rose up and started toward the automobile for the purpose of searching it, whereupon one of the men in the automobile seized something and broke the container which contained the intoxicating liquors, and it ran out in the automobile, and the sheriff and justice of the peace came up and procured a small quantity of the liquor as it ran out of the automobile.

It was admitted in the evidence that the sheriff stopped the car, and it is undisputed that the automobile searched was not the one described in the warrant. This court has held that before the evidence is admissible there must be a valid search warrant, or there must be a voluntary consent to the search. It has also been held that the warrant must describe the property to be searched with particularity. *Tucker* v. *State,* 128 Miss. 211, 90 So. 545, 24 A. L. R. 1377; *Owens* v. *State,* 133 Miss. 753, 98 So. 235; *Butler* v. *State,* 129 Miss. 778, 93 So. 3; *State* v. *Patterson,* 130 Miss. 680, 95 So. 96; *Miller* v. *State,* 129 Miss. 774, 93 So. 2; *Strangi* v. *State* ('Miss.), 98 So. 340; *Taylor* v. *State* (Miss.), 98 So. 459.

There was no evidence, except that of the officers, and this was procured in violation of the law as announced in the foregoing decisions.

The peremptory instruction for the defendant refused by the court should have been given. The judgment will therefore be reversed and the defendant discharged.

*Reversed, and defendant discharged.*