## HELTON v. STATE.*

(Division B. Nov. 10, 1924.)

[101 So. 701. No. 24325.]

SEARCHES AND SEIZURES. *Land of owner cannot be searched without his consent, except by state or county officer having lawful search warrant.*

Section 23 of the Constitution of the state prohibits the search of the land of an owner, unless he consent thereto, or unless the state or county officer have a lawful search warrant to do so.

*Headnote 1. Searches and Seizures, 35 Cyc, p. 1266 (1926 Anno).

APPEAL from circuit court of Leake county.
HON. G. E. WILSON, Judge.

Octavus Helton was convicted of the unlawful possession of intoxicating liquor, and he appeals. Reversed, and appellant discharged.

*Jas. T. Crawley,* for appellant.

Under the ruling laid down in *Tucker* v. *State,* 90 So. 845, it has been held that evidence acquired in the search of a person's premises without a search warrant is inadmissible. That being true, even if the defendant owned the liquor, and knew it was where it was found, since it was found on the premises of the defendant, which is not denied, affirmatively, the evidence became inadmissible, and the court erred in admitting the same over the objection of the defendant.

The court erred in overruling the motion of the defendat for a peremptory instruction. All evidence offered on behalf of the state, taken as true, is not sufficient to take the case to the jury. The evidence of the state does not prove conclusively, beyond every reasonable doubt, and to a moral certainty, that the liquor as found was

found on premises not owned, controlled, and possessed by the defendant. Under the law, in such cases, since there was no search warrant in the case, it devolved upon the state to prove that the whisky was owned, controlled, or knowingly possessed by the defendant, and that the whisky so found was not found on the premises of the defendant, but was found off of the defendant's premises. *Falkner* v. *State,* 98 So. 691; *State* v. *Watson,* 98 So. 241; *Owens* v. *State,* 98 So. 235.

*E. C. Sharp,* Assistant Attorney-General, for the state.

Appellant in his brief relies upon the *Tucker case,* 90 So. 845, and the decisions following this case. We do not think that the Tucker case is applicable to the case at bar. In the Tucker case, there was no question of the fact as to the ownership of the premises searched. In the present case, it is admitted by the appellant that at the time of the search and seizure he admitted to the sheriff that the whisky was not found on his premises, and on cross-examination in the trial in this case he does not claim that the premises belonged to him at the time of the search but simply states that they are his now. Under the evidence as shown by the record in this case a question of fact was presented and was properly submitted to the jury and no error was committed by the court in refusing to grant the peremptory instruction for the defendant.

Argued orally by *Jas. T. Crawley,* for appellant and *E. C. Sharp,* Assistant Attorney-General, for state.

SYKES, P. J., delivered the opinion of the court.

The appellant was convicted of having liquor in his possession. From which conviction, this appeal is here prosecuted.

The testimony for the state is to the effect that the sheriff and other county officers found two kegs of liquor in some woods about one hundred yards from the home of the appellant. They had no search warrant to search the lands of the appellant. There was testimony of the state indicating that the appellant was seen by these officers near the kegs of whisky. That, after the officers took possession of the whisky, they went to the home of appellant, and he told them he knew nothing about the whisky being where it was found, and that it was not found by them on his land. The appellant denied ownership of the whisky, denied that he knew of its being where it was found, and denied that he was over there on the day it was found. He stated further that at the time he told the sheriff it was not found on his land he did not exactly know where the officers found the whisky, nor exactly where his land line was. The testimony of the officers was to the effect that the two kegs were in the neighborhood of one hundred yards from the home of the appellant, in a southeasterly direction. The appellant testified further that he had learned the exact location of his land lines, and that the south and east lines were each two hundred and fifty yards from his home, and that he had subsequently learned the exact place where the kegs of whisky were found by the officers, and that this place was on his land. Several other witnesses testified on behalf of the appellant that they knew where the whisky was found, and that they knew where the appellant's line was, and that the whisky was found on the land of the appellant.

It is the contention of the state that, since the appellant told the sheriff in the first instance that the whisky was not found on his land, this is a sufficient contradiction of the other testimony as to where the lines of the appellant really are, and therefore a controverted question of fact to be decided by the jury.

The testimony of the officers was all objected to by the

appellant, because they had no search warrant, and the appellant did not agree to a search of his land. We do not think that the statement of the appellant to the sheriff in the first instance, namely, that the whisky was not found on his land, with his explanation of it that at that time he did not know the .exact place where the kegs were found, nor his exact land line, is in fact a contradiction of all of the other testimony as to where the land line is, and that these kegs were, as a matter of fact, found on his land. This testimony shows that his line was two hundred and fifty yards east of his residence and two hundred and fifty yards south of his residence, and that the kegs were found within one hundred yards of the residence in a southeasterly direction. From this testimony it is manifest that the whisky was found upon the land of the appellant, that the sheriff had no search warrant to search this land, and therefore that the peremptory instruction requested by the appellant should have been given.

_Reversed, and appellant discharged._