BARNARD *v.* STATE.

(Division B. Nov. 11, 1929.)

[124 So. 479. No. 28059.]

Frank **E. Everett,** of Indianola, and **T. D. Allen, Jr.,** of Shaw, for appellant.

**Hardy R. Stone,** Assistant Attorney-General, for the state.

Argued orally by **J. M. Forman,** for appellant.

**Griffith, J.,** delivered the opinion of the court.

Two deputy sheriffs, having in hand a search warrant to search the premises of one Chuck White, after completing that search, followed a path leading out of and beyond the premises aforesaid, and after proceeding some distance into a brake found a still in full operation, and according to their testimony the defendant was the person who was then and there actually engaged in the said operation. The land upon which the still was found was under lease by the defendant, and, according to the undisputed proof, the defendant was in possession of the said land as such lessee, and it is undisputed that the said officers had no search warrant for the said premises of this defendant, and that they had no information sufficient to constitute probable cause, so far as said defendant and his said premises and possessions were concerned.

Whatever may be the individual opinion of any member of this court or of any trial judge touching the wisdom of so broad a provision in our Constitution (1890) as is found in the use of the word "possessions" in section 23, whereby the court has felt constrained to interpret the provision as including uninclosed lands, it is so provided, and has so often been so interpreted that there is nothing now to do but to follow. It was, therefore plain error to admit the evidence of the officers of anything learned by them as a result of the unlawful search. Owens v. State, 133 Miss. 753, 98 So. 233; Helton v. State, 136 Miss. 622, 101 So. 701; Falkner v. State, 134 Miss. 253, 98 So. 691; Tucker v. State, 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377; State v. Patterson, 130 Miss. 680, 95 So. 96; Taylor v. State, 134 Miss. 110, 98 So. 459; Rignall v. State, 134 Miss. 169, 98 So. 444.

However, it is argued in behalf of the state that the defendant cannot avail of the aforesaid objection, be-

cause, as the state contends, the defendant, as a witness in his own behalf, admitted the facts revealed by the unlawful search, and Bowman v. State, 152 Miss. 195 119 So. 176, and Blowe v. State, 130 Miss. 113, 93 So. 577, 24 A. L. R. 1429, are cited. A careful examination of the record discloses that there is no basis for this argument, the fact being that the defendant in his testimony denied every incriminatory assertion of the two state's witnesses, the deputy sheriffs aforesaid. There is not a single incriminatory admission made by the defendant, and therefore the principle relied on by the state does not apply.

Reversed and appellant discharged.