THOMPSON *v.* STATE.

Feb. 18, 1952.

No. 38375 (56 So. (2d) 808)

**W. W. Dent,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Roberds, J.**

Thompson was convicted of the unlawful possession of whiskey. He contended in the lower court, and he urges here, that the search of his premises, where the whiskey

was found, was made without a search warrant and was unlawful, and, therefore, the evidence was inadmissible.

The search warrant authorized the officers to search "A one story block building located on the west side of and adjacent to Highway #49, 5 2/10 miles south of the south corporate limits of the Town of Magee, Mississippi, and known as Vardaman's place." In another place the warrant referred to the place to be searched as "the residence and store of Vardaman Smith", and "outhouse, barns, smokehouses, cribs, and in the yard and garden and in the field and woods near · * * * " such residence.

The proof shows that Vardaman Smith and family resided in a block house at, or about, the place designated; that he also operated a store in this building. The evidence further shows that between one hundred to two hundred yards from this block building was a two room frame, wood building. Both houses were located upon land owned by Smith. In the two room frame building Thompson operated a cafe and he and his wife slept in a trailer parked a few feet from that building. The officers, armed with said warrant, went to Smith's residence and store, served him with a copy of the warrant and proceeded to search his place; at the same time two of the officers proceeded to the house used by Thompson as a cafe, as well as living quarters, as above indicated, and searched his premises, finding whiskey in the refrigerator in the cafe, upon which evidence Thompson was convicted. The officers had no warrant to search Thompson's place, unless the Smith warrant covered it, and he was not served with a copy of the Smith warrant. While two of the officers testified that Thompson said, in a general way, he was working for Smith, yet the undisputed facts are that all taxes were paid in the name of Thompson; the privilege license to operate the cafe was issued in his name, and Smith testified he had no interest in Thompson's business, nothing to do with its operation, and Thompson was paying him $35 per month for rent of the

premises. Under these circumstances did the warrant to search Vardaman Smith's place include the right to search the premises of Thompson? We think not. The Thompson house was not an outhouse of the Smith place within the meaning of the words of the search warrant. Thompson's name was not mentioned in the warrant. It purported to cover only the Smith place, which, under the circumstances here, was distinct and separate from that of Thompson. The officers did not attempt to serve the Smith warrant on Thompson. The case is practically the same as Cox v. State, 201 Miss. 568, 29 So. (2d) 661.

Reversed and appellant discharged.

**Hall, Lee, Kyle** and **Ethridge, JJ.**, concur.