## FEAZELL *v.* STATE.

June 8, 1953

No. 38748 34 Adv. S. 84 65 So. 2d 267

*George B. Grubbs,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

ARRINGTON, J.

The appellant, Ovett Feazell, was convicted of the unlawful possession of whiskey, from which judgment he appeals.

The evidence on the part of the state shows that the sheriff and two of his deputies obtained a search warrant to search the premises of Vardaman Smith, known as Smith's Grocery, located five and a half miles south of Magee, Mississippi, on highway No. 49. The sheriff testified that he carried the two deputies approximately three hundred yards beyond Smith's place, put them out, and he returned to Smith's place and immediately gave him a copy of the search warrant. Deputy Sheriff Lucas testified that he and the other deputy proceeded through the woods to the back of Smith's place; he saw the appellant coming across the field with two paper bags; he was in the edge of the woods and stepped behind a pine top; the appellant was walking towards him when he laid down one of the paper bags about twenty-five feet, and the other bag about ten feet from him, at which time he arrested him. Lucas then picked up the paper bags and found that they contained whiskey, and he testified further that he did not see the whiskey before he arrested appellant as it was in the paper bags, and that the whiskey was found three hundred yards from the premises of Vardaman Smith. This witness also testified that the

whiskey was not found on Vardaman Smith's land, and that he believed the land belonged to John T. Smith. Don Smith, also referred to as John T. Smith, testified on behalf of the appellant and stated that his land joined Vardaman Smith's, and that he had rented this land to the appellant to make a crop.

The appellant contends on this appeal that the trial court erred in admitting in evidence the whiskey on the ground that it was illegally obtained as a result of an unlawful search and seizure. The record shows that the officers had no warrant authorizing the arrest of appellant, nor a warrant for the search of his premises and possessions. According to the testimony of Deputy Sheriff Lucas, the appellant was unlawfully arrested as no misdemeanor or other offense was being committed in his presence. Thomas v. State, 208 Miss. 264, 44 So. 2d 403. The search of the appellant's premises and possessions was unlawful as the officer admittedly had no search warrant and his premises could not be searched under the warrant for the search of Vardaman Smith's premises. Thompson v. State, 213 Miss. 325, 56 So. 2d 808.

In the case of Barnard v. State, 155 Miss. 390, 124 So. 479, where there was a search of leased premises without a search warrant, the Court said: "Whatever may be the individual opinion of any member of this Court or of any trial judge touching the wisdom of so broad a provision in our Constitution (1890) as is found in the use of the word 'possessions' in section 23, whereby the court has felt constrained to interpret the provisions as including uninclosed lands, it is so provided, and has so often been so interpreted that there is nothing now to do but to follow. It was, therefore, plain error to admit the evidence of the officers of anything learned by them as a result of the unlawful search. Owens v. State, 133 Miss. 753, 98 So. 233; Helton v. State, 136 Miss. 622, 101 So. 701; Falkner v. State, 134 Miss. 253, 98 So. 691; Tucker v. State, 128 Miss. 211, 90 So. 845; 24 A. L. R. 1377; State v.

Patterson, 130 Miss. 680, 95 So. 96; Taylor v. State, 134 Miss. 110, 98 So. 459; Rignall v. State, 134 Miss. 169, 98 So. 444.''

We are of the opinion that █ the evidence in this case was secured as a result of an unlawful search and seizure and was not admissible in evidence. The facts in this case are practically the same as Jones v. State, 16 Adv. S. 32, 62 So. 2d 334.

Reversed and appellant discharged.

*McGehee, C. J.*, and *Hall, Lee* and *Holmes, JJ.*, concur.