90 So.2d 118 (1956)
Lennie Lee JOYNER, Petitioner,
v.
CITY OF LAKELAND, Florida, a Municipal Corporation, Respondent.
Supreme Court of Florida. Division A.
October 24, 1956.
*119 John W. Stanford of Oxford & Oxford, Lakeland, for petitioner.
J. Hardin Peterson, Jr., Lakeland, for respondent.
HOBSON, Justice.
This matter arises upon a petition for certiorari seeking review of an order of the circuit court affirming a judgment of the municipal court of the City of Lakeland, Florida, finding petitioner guilty of possessing lottery paraphernalia.
Although certiorari must be denied under the circumstances here disclosed, we have seen fit to depart in this case from our custom of denying certiorari without opinion, in view of the importance of the matter presented to the administration of criminal justice.
On March 25, 1955, a search warrant was issued reading as follows:
"In the Municipal Court of the City of Lakeland, Florida.
"City of Lakeland, Florida, a Municipal Corporation,
 Plaintiff,
 vs.
John Doe 
 Defendant.
 "SEARCH WARRANT
"In the name of and by Authority of the State of Florida
"To: E.T. Pickett Jr. , A police officer of the City of Lakeland, Florida.
"Whereas, C.B. Wallis of the City of Lakeland, Florida has this day made oath before me, stating as follows:
"1. That he is a citizen of the City of Lakeland, Florida.
"2. That he has reason to believe and does believe that John Doe has in his possession, unlawfully, and/or for the purpose of sale in the City of Lakeland, Polk County, Florida, intoxicating liquor, (which County has heretofore voted against the sale of intoxicating liquor,) or on which the revenue tax of the State of Florida *120 has not been paid; and that said intoxicating liquor is located at 524 West Memorial Blvd., in the City of Lakeland, Polk County, Florida.
"3. That the aforesaid belief of affiant is based on the following facts: C.B. Wallis did on the 23rd day of March, 1955 purchase one half pint of untaxed whiskey from John Doe upon the premises of 524 West Memorial Blvd. and did pay him $1.00 (one dollar) in US monies for said * * * half pint of untaxed whisky. Said 524 West Memorial Blvd. being a one story wood frame dwelling house painted white with open front porch and black asphalt shingle roof. Said house has an unpainted front screen door and is located on the South side of the street and faces North. Said house is the fourth house on the South side of the street East of intersection of N. Texas Ave. and West Memorial Blvd. contrary to the ordinances of the said City in such case made and provided and against the peace and dignity of said City.
"4. J.W. McPhail a Police Officer of the City of Lakeland, Polk County, Florida, having made application for the issuance of a Search Warrant to search the said John Doe and/or the said premises, which premises the affiant believes that the said John Doe has in his control and possession, for the purpose of entering said premises and searching said John Doe and/or said premises for the said intoxicating liquor therein and thereon.
"These are therefore, to command you to apprehend and search the said John Doe, and to enter and search the said premises in the possession of or occupied by the said John Doe and to seize any and all intoxicating liquor found in the unlawful possession of the said John Doe or upon said premises for the purpose of sale in said City and County, or on which the revenue tax of the State of Florida has not been paid, and bring the said John Doe together with any intoxicating liquor so found before me to be dealt with according to law.
"I expressly authorize that this warrant may be executed by being served either in the day-time or the nighttime as the exigencies of the case demand and require.
"Given under my hand this 25 day of March A.D. 1955.
 " /s/ James S. Welch 
 Municipal Judge of the City of
 Lakeland, Florida"
On April 2, 1955, this warrant was executed and return was made as follows:
 "Inventory
 "State of Florida,
 County of Polk
 City of Lakeland.
"Received this Search Warrant on the 2 day of April, A.D., 1955 and served same upon the 2 day of April, A.D., 1955, by reading the contents thereof to Lennie Lee Joyner upon said premises and explaining the contents of said search warrant, and also furnishing to him a copy thereof; and after searching said premises as directed by and described in said search warrant, there was found thereon the following articles, to-wit: Five pads with Lottery Numbers on the pads. Fourteen sheets of paper With Lottery Numbers on them. $191.00 in Paper Money and $17.55 in Silver Money. Said articles were seized under and by virtue of said search warrant and taken into the possession of the undersigned; that said articles so seized are inventoried as above stated and said inventory is made a part of this return, a copy of said inventory was left with the said Lennie Lee Joyner

*121 "Witness my hand and sworn to this the 2 day of April, A.D., 1955.
 "s/ E.T. Pickett, Jr.
 A Police Officer, City
 of Lakeland, Florida
"Subscribed and sworn to before me, this 2 day of Apr, 1955.
 s/ A.M. Davis, Clerk 
 Notary Public, in and for Said State
 and County. Municipal Judge-Clerk-City
 of Lakeland, Florida."
Petitioner first contends that the search warrant quoted above does not sufficiently describe the place to be searched, in that paragraph three of the warrant does not actually show that the place to be searched is in the city of Lakeland, Florida. Of course, the second paragraph of the warrant makes clear reference to that city, and reading the two paragraphs together there could be little doubt in the mind of the officer to whom the warrant was delivered for execution that the place to be searched was within the city of Lakeland. The warrant should be read as a whole, Lowrey v. U.S., 8 Cir., 161 F.2d 30, certiorari denied, 331 U.S. 849, 67 S.Ct. 1737, 91 L.Ed. 1858. In Bonner v. State, Fla., 80 So.2d 683, 684, we stated in part: "`Any designation or description known to the locality that points out the place to the exclusion of all others, and on inquiry leads the officers unerringly to it, satisfies the constitutional requirement.'" It is evident that the warrant here under consideration meets this test.
Petitioner next urges that the facts recited in the search warrant are insufficient to show that probable cause existed to believe the house to be searched was being used for any unlawful purpose within the jurisdiction of the municipal court of Lakeland. He contends that because of the use of the word "premises" in the warrant it is impossible to determine where the alleged unlawful sale occurred, i.e., whether inside or outside of the house. Referring again to the search warrant, we note that while the purchase of untaxed whiskey was alleged to have taken place "upon the premises of 524 West Memorial Blvd." this general statement is immediately qualified by the words "Said 524 West Memorial Blvd. being a one story wood frame dwelling house painted white with open front porch and black asphalt shingle roof." Thus the "premises" are defined as being for practical purposes the house, which is specifically described. The case of Rignall v. State, 134 Miss. 169, 98 So. 444, 445, relied upon by petitioner is distinguishable on its facts in that the warrant was merely to search the "premises" of a person "without other description, and without any words of limitation as to occupancy or use, or otherwise, and without any designation of the county in which such premises are located * * *." And see the subsequent case of Matthews v. State, 134 Miss. 807, 100 So. 18, in which the Rignall case was distinguished and limited. We are of the opinion that the factual recitation in this warrant is sufficient to show probable cause.
It is next argued by petitioner that the search warrant must contain a command that the search be made forthwith. This contention is based upon F.S. § 933.07, F.S.A. which provides in part as follows: "The judge or magistrate * * shall thereupon issue a search warrant * * * to any * * * police officer * * * commanding the officer or person forthwith to search the property described in the warrant". (Emphasis supplied.) The words of command in the warrant under consideration, however, follow verbatim the language required by F.S. § 923.12, F.S.A., which prescribes the form of a search warrant, and reads in part: "These are, therefore, to command you * * *."
It is next contended that the warrant was rendered invalid by the lapse of time of eight days between its issuance and execution. Whether or not this delay in execution was unreasonable was a matter within the sound discretion of the municipal *122 judge, who is not shown to have abused it. Although we have not before passed upon this matter, it has been frequently decided by the federal courts and on the basis of the federal decisions we are inclined to hold, as we do, that the delay of eight days was not unreasonable. See Dixon v. U.S., 5 Cir., 211 F.2d 547, and cases therein cited; United States v. Fitzmaurice, 2 Cir., 45 F.2d 133; and Elrod v. Moss, 4 Cir., 278 F. 123. See also 79 C.J.S., Searches and Seizures, § 83, page 899.
It is next contended that in the execution of a search warrant an officer may not seize unlawful articles in plain sight, where the search warrant commands seizure of entirely different articles and does not mention the articles actually seized. Here the search warrant commanded the officer "to seize any and all intoxicating liquor". Upon executing the search warrant, the officers found no intoxicating liquor. Four bolita pads, however, were found exposed on the top of a table, and in the course of the search the petitioner stated that he did not have any whisky on the premises but he had bolita, and asked the officers "not to bother it". Thus in the course of a search, under a valid warrant, issued upon probable cause, the officers discovered a crime being committed in their presence. It is well settled that under these circumstances the officers have authority to seize articles not described in the search warrant, where such articles are contraband and possession of them is unlawful. Harris v. U.S., 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. Compare Gildrie v. State, 94 Fla. 134, 113 So. 704, wherein the search warrant under which the search was conducted was invalid in that no description of the things to be seized was given either in the affidavit or in the warrant, and the search was therefore unreasonable and invalid from its inception. The situation disclosed by this record is exactly that contemplated by the Harris case, and we hold that no error has been shown in the ruling of the trial court upon this point. See also 79 C.J.S., Searches and Seizures, § 83, page 903, and Annotation, 169 A.L.R. 1419.
It is next contended that the return and inventory on the search warrant in this case is insufficient as a matter of law. F.S. § 933.12, F.S.A., requires the officer to make affidavit that the inventory contains a true and detailed account of all property taken under the warrant. The inventory herein does not contain such a statement. We have not before had occasion to consider the point here raised, but the federal courts have held that the preparation of a return is merely a ministerial act and that a defect therein does not make the warrant defective. Rose v. U.S., 6 Cir., 274 F. 245, certiorari denied, 257 U.S. 655, 42 S.Ct. 97, 66 L.Ed. 419. See also 79 C.J.S., Searches and Seizures, § 84. Moreover, the record shows that in this case the search and seizure were made in the presence of the petitioner, and that a copy of the inventory was given to him.
Finally, petitioner contends that a search warrant commanding the search of a dwelling house must contain a recital of a finding by the issuing magistrate that the sworn proof, or affidavit, supporting the search warrant has been furnished by a credible witness. F.S. § 933.18, F.S.A., requires that no warrant for the search of any private dwelling shall issue except upon sworn proof by affidavit of some credible witness, but nowhere does it require a finding by the issuing magistrate that the witness making the sworn proof is credible. Certainly, if the magistrate has reason to doubt the credibility of the witness, no warrant should issue. Therefore, implicit in the very issuance of a warrant is a finding by the issuing magistrate that the proof was furnished by a credible witness. We see no reason to require more than this, and the legislature apparently did not.
Certiorari is denied.
DREW, C.J., THOMAS, J., and ROWE, Associate Justice, concur.