386 So.2d 771 (1980)
Harvey Leroy GRIFFITH
v.
STATE.
4 Div. 734.
Court of Criminal Appeals of Alabama.
May 27, 1980.
Rehearing Denied June 17, 1980.
C. H. Espy, Jr., Dothan, for appellant.
Charles A. Graddick, Atty. Gen., and Sarah Kathryn Farnell, Asst. Atty. Gen., for appellee.
HARRIS, Presiding Judge.
Appellant was indicted and put to trial for the possession of marijuana. He was convicted and sentenced to ten years in the penitentiary. He was represented at all stages of the proceedings in the court below, and on this appeal, by counsel of his choice.
The evidence presented by the State at trial tended to prove that a search warrant was served upon appellant at his residence and subsequently about one-half pound of marijuana was found in the house and about thirty pounds of marijuana were found in his pickup parked in the driveway. Appellant did not testify during the case in chief nor did he present any evidence in his behalf.
The sole issue presented on this appeal concerns the trial court's refusal to suppress the evidence seized from the appellant's truck. He contends that the trial court's failure to suppress this evidence prevented him from arguing to the jury that the smaller amount of marijuana found in his residence was for his personal use.
The warrant in question was obtained after Charles Blount, an ABC Board enforcement agent, received information by telephone from a reliable informer that the appellant had marijuana in his possession at his residence, 1006 Southland Drive, Dothan. The informer conveyed this information to Blount on October 28, 1978, after the informer visited the appellant's residence on that same day. The informer also told Blount that the appellant was supposed to go after another load of marijuana.
After receiving this information Blount and Deputy Sheriff Leroy Wood watched appellant's house from about 10:00 p. m., Saturday, until about 7:00 a. m., Sunday, October 29, 1978. Their main observation *772 post was the ball field at Rip Hewes Stadium, about 200 yards from appellant's residence. Just before daylight a 1978 GMC Sierra Classic pickup pulled in the driveway. Two people, fitting the general description of those allegedly in possession of the marijuana, got out of the truck and entered the house. Around 6:00 or 6:30, Blount left Wood to continue the surveillance while he went to District Court Judge Billy Sheffield to obtain a search warrant.
Blount swore to an affidavit which states:
"Before me Billy J. Sheffield a Judge of the District Court, Houston County personally appeared Charles Blount
who, being duly sworn, deposes and says that he has probable cause to believe and does believe that Harvey Griffith, whose name is to affiant otherwise unknown, has in his possession marijuana, contrary to the law at his residence located at 1006 Southland Drive, Dothan, Houston County, Alabama. Affiant's probable cause for believing the above is as follows: a reliable informer personally told affiant that he was at the above described residence within the past 36 hours and on that occasion personally saw Harvey Griffith, whose name is to affiant otherwise unknown, in possession of marijuana at that residence. Affiant states that this informer is reliable and has given affiant information about drug law violations within the past 6 months which proved to be true and upon which arrests and convictions have been had. Affiant further states that this informer has never given him false information."
The judge duly considered the information contained in the affidavit and issued the following search warrant:
"TO THE SHERIFF OR ANY CONSTABLE OF SAID COUNTY
"Proof by affidavit having this day been made before me by Charles Blount
that he has probable cause to believe and does believe that Harvey Griffith, whose name is otherwise unknown, has in his possession marijuana, contrary to law, at his residence located at 1006 Southland Drive, Dothan.
"You are therefore commanded, in daylight only to make immediate search on the person of Harvey Griffith, whose name is otherwise unknown in and upon the above described premises for the following property:
marijuana
and if you find the same or any part thereof to bring it forthwith before me, at my office at the Houston County Courthouse, Dothan, Alabama."
While obtaining this warrant, Blount called his supervisor, Inspector Kenneth Cherry, and ABC Agent James Lecroy, to inform them of the impending search and to request their assistance.
Blount met the others at the residence and at 7:00 a. m. Deputy Sheriff Wood knocked on the door and was admitted in the house. Upon the officer's entry and search of the residence, about one-half pound of marijuana was found. While the others were inside Blount went to the truck and looked through the rear window of the campershell. From this vantage he stated he could smell the aroma of marijuana. Blount saw, through the window, a dark plastic garbage bag tied at the top. He went inside and obtained the keys from the defendant who owned the truck. When Blount unlocked the campershell and removed the bag he discovered that the bundle was actually two garbage bags, one inside the other, filled with a number of Ziploc plastic bags containing a total of 30.16 pounds of marijuana.
Appellant contends that the trial court committed reversible error by denying his motion to suppress evidence of this large amount of marijuana found in the truck. He contends that the trial court should have suppressed this evidence for two reasons.
Appellant contends:
"The instant search warrant was based upon an affidavit describing the place to be searched as a residence; and said affidavit did not request authorization to search beyond the four walls of the residence. Any authorization in the actual *773 search warrant which permitted the search beyond the residence was invalid as having been an attempt to provide more authorization than was requested by the affiant."
Appellant contends that the word "residence" used in the affidavit means "dwelling" and therefore
"... Officer Blount did not specifically request a search warrant for the premises described as 1006 Southland Drive, Dothan, Alabama, but the residence or dwelling house located there, and the search warrant issued on this affidavit, if held to be valid, only authorized the search of the residence or dwelling house. It did not authorize the search of the yard, the premises, the curtilage or any vehicle situated near this residence."
Appellant relies on a 1924 Mississippi case, Taylor v. State, 134 Miss. 110, 98 So. 459, and he quotes to this court the language which appears on page 460.
"The officers had no right to search any place except that described in the search warrant. In this case both the affidavit and warrant expressly limited the place to be searched to the building occupied by the defendant as a residence. This description does not include the grounds nor the outhouses on the premises."
This case is not sufficient, persuasive authority because the language in the Mississippi warrant is different from that in the instant case. In Taylor the search warrant authorized the search "of a building occupied by Joe Taylor as a residence." When the warrant was executed contraband was found in the house. The officers searched the yard and the outhouse finding more contraband. The court correctly held that the officers had no right to search beyond the place described in the warrant.
In the instant case the language in a warrant does not specifically limit the officers to a search of "the building used by Harvey Griffith as a residence" as found in Taylor but rather describes the place subject to search as
"the person of Harvey Griffith . . . and in and upon the above described premises [1006 Southland Drive, Dothan, Alabama] . . ."
The trial court cited two Florida cases in his ruling denying the motion to suppress. Our attention has not been called to an Alabama case and our research has not revealed one on the issues presented.
In Joyner v. State, 303 So.2d 60, 61 (Fla.App., 1974), the affidavit states that an informer had advised the affiant that the defendant was in possession of marijuana "at the above described premises." The search warrant described the place to be searched as:
"the apartment on the left or eastward side of said dwelling house and the curtilage... thereof."
The officers searched the defendant's car as well as the apartment, finding marijuana in the car. On appeal the defendant urged that the affidavit was insufficient to establish probable cause to search beyond the four walls of the apartment and that the term "curtilage" in the warrant did not include the car. In regard to this the court stated:
"There is no question but that a warrant may be no broader than the affidavit which is a prerequisite to its issuance...
"However, in the case sub judice, as above recited, the affidavit stated that the affiant had been advised by a confidential informer that appellant was in possession of marijuana at the subject premises. The preposition `at' has a broader meaning than `in' . . . ."
"Our examination of the entire affidavit leads us to the conclusion that a reasonable interpretation of the information therein contained supports the assertion that appellant was in possession of marijuana `at' the described premises and that the use of that preposition in an affidavit was sufficient to justify issuance of the search warrant describing not only the apartment of appellant but also the `curtilage' thereof."
*774 After concluding that a search of the curtilage was authorized the court in Joyner went on to conclude that a search of an automobile within the curtilage was proper. The court quoted Alexander v. State, 108 So.2d 308 (Fla.App., 1959):
"The point now under consideration has been directly passed upon in other jurisdictions, and it has been uniformly held that where a search warrant authorizes officers to search a described building, together with the yard or curtilage on which the building is located, parked automobiles or other vehicles found in the yard or within the curtilage are proper subjects of search under the warrant. It has accordingly been held that evidence obtained by the search of automobiles or vehicles under such circumstances is admissible to prove the offense with which the defendant is charged.
"We therefore hold that the evidence obtained from the parked automobile located on the premises described in the search warrant in this case was properly admitted by the trial court, and the motion to quash the search warrant and suppress such evidence was properly denied."
In Alexander the defendant's automobile, parked in the driveway, was searched and contraband was found. The court held that the automobile was a proper subject for search and that the appellant's motion to suppress was properly denied where the search warrant provided for the search of a certain dwelling, the yard and all outhouses on the premises.
Finally, in Brooks v. U. S., 416 F.2d 1044 (Fifth Cir., 1969), the court held that a warrant authorizing the search of a cabin and lot also authorized a search of an automobile parked in the lot.
The affidavit in the instant case spoke of marijuana possessed by the defendant "at his residence" and under the rationale developed in the cases previously reviewed provided a sufficient basis for the search warrant authorizing a search of the premises and the truck found in the driveway.
Appellant further argues that this case is similar to Peavy v. State, Ala.Cr.App., 336 So.2d 199 (1976), where this court concluded the search was an unreasonable general exploratory search. However the facts under the review in Peavy bear slight resemblance to those presently under review. In Peavy the affidavit alleged that there were "controlled substances in a mobile home." The search warrant authorized a search of all persons "present in or near said mobile home and any motor vehicle adjacent to said mobile home." When the warrant was executed twenty people were in the mobile home and twelve automobiles were parked outside. The distinction between Peavy and the instant case is clear.
As the second basis for his argument that the trial court erred in denying his motion to suppress appellant maintains that the trial court improperly considered oral testimony allegedly presented to the magistrate issuing the search warrant, which was not reduced to writing as required by § 15-5-4 Code of Alabama 1975.
§ 15-5-4 states:
"Before issuing a search warrant, a judge, or magistrate authorized by law to issue search warrants, must examine on oath the complainant and any witness he may produce, take their depositions in writing and cause them to be subscribed by the persons making them. Such depositions must set forth facts tending to establish the grounds of the application or probable cause for believing that they exist." (Emphasis added)
This issue arises from the trial court's consideration of evidence that Blount presented to the District Court Judge oral testimony that the defendant was going to get another load of marijuana. This testimony was not reduced to writing, i. e., included in the sworn and subscribed affidavit. The trial court denied the defendant's motion to suppress, saying:
"The Court . . . is of the opinion that the information contained in the affidavit when considered along with the information given to the magistrate not appearing in the affidavit (concerning the *775 Defendant going to obtain another load of marijuana) would authorize the Magistrate to issue a warrant for the house at 1006 Southland Drive, as well as its premises...."
This court considered this question in Oliver v. State, 46 Ala.App. 118, 238 So.2d 916, (1970). Judge Almon speaking for the court said:
"... It is my view that oral testimony should be admissible to cure an otherwise defective affidavit.
"Could it have been logically argued that due to the failure of a committing magistrate (in conformity with Tit. 15, § 135, Code of Alabama, 1940, now repealed by Act No. 1106, Special and Regular Sessions, 1969) to reduce the evidence to writing, a defendant who has been bound over to the grand jury must be released. I think not. Similarly, the failure of an issuing magistrate to comply with Tit. 15, § 103, should not vitiate an otherwise valid search warrant.
"It should be remembered that prior to Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, evidence was admissible at trial, with the exception of liquor cases (Tit. 29, § 210, Code of Alabama, 1940) regardless of the manner of seizure. To strictly construe Tit. 15, § 103 [§ 15-5-4, Code of Alabama, 1975] as to prevent a reviewing court from considering oral testimony given before an issuing magistrate is but to engraft an additional state requirement on the already strict federal search and seizure rules now made mandatory on state courts."
Thus it appears that the trial court in the instant case did not commit error in his consideration of the oral testimony presented to the district judge or in his denial of the defendant's motion to suppress the evidence seized from the truck.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur, except TYSON, J., who concurs with opinion.
TYSON, Judge, concurring.
I concur in the foregoing opinion as prepared by Judge Harris.
I wish to point out, however, that the matter of allowing into evidence, before the trial court, of oral testimony, before the issuing magistrate, in support of the affidavit and warrant, was laid to rest by this Court in Funches v. State (1974), 53 Ala. App. 330, 299 So.2d 771, cert. denied, 293 Ala. 752, 299 So.2d 778, cert. denied, 419 U.S. 1114, 95 S.Ct. 793, 42 L.Ed.2d 813.
The party giving the oral testimony in support of the affidavit and warrant should have "first hand knowledge" of the matters shown upon which such testimony is based.