HUBERT TAYLOR, Judge.
Trafficking in cannabis; sentence: ten years’ imprisonment and $25,000 fine.
On October 30, 1981, Alabama Bureau of Investigation narcotics unit investigator Grady Gibson executed a search warrant at the residence of appellant located in Eclectic. Discovered in a greenhouse was over one hundred pounds of marihuana as well as other items and paraphernalia indicating the presence of a large-scale trafficking operation. Appellant was subsequently arrested and charged with the instant offense.
I
Appellant challenges the trial court’s ruling denying his motion to suppress the items seized during the search. In his written motion he asserts that no probable cause existed for issuing the search warrant. At the hearing on his motion, appellant further alleged that two separate searches had occurred. On appeal, however, appellant raises several challenges to the search warrant for the first time. He argues: (1) that the description of the place to be searched is such that it describes both a residence and business; (2) the use of the term “residence” in the affidavit is “totally inadequate since the affiant could easily have described it as being a wooden frame house or a mobile home trailer or a metal shed ... ”; (3) the warrant does not establish the informant’s ability to recognize marijuana; and (4) the use of the name “Phillip Lyan” by the informant illustrates his unreliability and identifies him as an agent of the State.
Initially, the testimony of Gibson unequivocally established that only one search of appellant’s residence occurred. No evidence was offered to rebut or contradict Gibson’s testimony. Thus, nothing ap *135 pears in the record to substantiate appellant’s claim.
Although not properly preserved for our review, see Dickerson v. State, 414 So.2d 998 (Ala.Cr.App.1982), we find no merit to any of appellant’s contentions initially raised on appeal. As to appellant’s first contention, Hutto v. State, 50 Ala. App. 636, 282 So.2d 75 (1973), cited by appellant as controlling, is not applicable to the instant cause. The fact that a greenhouse was situated upon appellant’s property does not lead to the conclusion that it was being used for commercial purposes. The description of the property was sufficient to enable a prudent officer to ascertain, identify, and locate the property with reasonable certainty. Yielding v. State, 371 So.2d 951 (Ala.Cr.App.), cert. denied, 371 So.2d 962 (Ala.1979). Hutto dealt with rental, multi-unit dwellings and businesses within one building, which do not exist in this case.
We note that the warrant authorized the search of “the house trailer, and outbuilding[s], including one ... green house, automobiles, and the premises located at the residence of ...” appellant. We find that the use of the term “residence” by Gibson in his affidavit would not confuse or mislead the magistrate issuing the warrant or cause any misidentification of the premises. Its use was not improper. See generally Neugent v. State, 340 So.2d 52 (Ala.1976).
There is no constitutional requirement that an affidavit submitted for issuance of a search warrant for marijuana, based upon information received from a confidential informant, allege the informant’s expertise in identifying marijuana. All that is constitutionally required is that the affidavit support a finding that the informant is reliable or credible and has a sufficient basis of knowledge for the information supplied.[1] See numerous authorities cited at 17A Alabama Digest Searches & Seizures 3.6(3).
There is no basis in the record for appellant’s conclusion that since the informant supplied Gibson with the name “Phillip Lyan,”[2] rather than his correct name, the informant was in actuality an agent for the State, i.e., a law enforcement officer. This allegation is not supported by the record.
Gibson’s affidavit fully met the requirements of the Aguilar-Spinelli “two prong” test,[3] a substantial basis for believing the informant’s information existed therein. McClellan v. State, 415 So.2d 1238 (Ala.Cr.App.1982). It was unnecessary for the affidavit to state who owned the premises where the marijuana was found, Mitchum v. State, 384 So.2d 1193 (Ala.Cr.App.), cert. denied, 384 So.2d 1205 (Ala.1980), and the officers were not prohibited from searching the premises until the occupant was present. Diamond v. State, 363 So.2d 109 (Ala.Cr.App.1978).
In conclusion, we find the affidavit sufficient to establish probable cause for issuance of the search warrant. We find the warrant to have been properly executed with a proper return being made. Consequently, the seizure of the marijuana and other items was legal.
II
Appellant contends that the trial court erred in admitting thirty-five photographs seized by Gibson during execution of the search warrant on the basis that the proper predicate for their admission was not established.
*136 Gibson testified in detail to the manner in which he became possessed of the photographs. Gibson stated that the photographs were found enclosed in a manila envelope inside a green leather case discovered in one of the bedrooms of the trailer. The case also contained various assorted papers and articles dealing with the cultivation of marijuana. Gibson was unaware of the photographs until a short time after the search, when he inventoried the contents of the case. He stated that once seized the photographs remained exclusively under his control and custody.
Gibson stated that he observed the greenhouse at appellant’s residence and took several photographs of its exterior and interior, which were properly admitted into evidence. He stated that the greenhouse depicted in the photographs seized from appellant's trailer was the same as the one personally observed and photographed by him on October 30.[4] Gibson noted that the photographs of the interior of the greenhouse seized on October 30 depicted a large quantity of marijuana plants at various stages of growth, a condition which he also observed on October 30. However, Gibson could not state when the seized photographs were taken, who took them, or whether the marijuana plants depicted therein were the same ones that he personally observed on October 30. Gibson noted that the marijuana plants depicted in the seized photographs were, by and large, much smaller and less mature than those seized on October 30.
“As a general rule, photographs are admissible in evidence, if they are properly verified either by the photographer or a person who is familiar with the subject of the photograph and if they tend to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, or to corroborate or disprove some other evidence offered or to be offered. Photographs may be admitted if they tend to shed light on, strengthen, or to illustrate other testimony in the case.
“It is within the trial court’s discretion to determine the sufficiency of preliminary proof offered to identify photographs and to show that they fairly and accurately represent what they purport to be. Only when its exercise is abusive will such be overturned.” (Citations omitted.) Donner v. State, 409 So.2d 461, 464 (Ala.Cr.App.1981).
“The time in relation to the main event at which photographs were taken does not necessarily control their admissibility. The important question is the probability of change in the conditions or objects shown.” McKee v. State, 35 Ala.App. 174, 177, 44 So.2d 777, 779, rev’d, 253 Ala. 235, 44 So.2d 781 (1949).
The record is clear that Gibson was sufficiently familiar with the general appearance and dimensions of the greenhouse to determine whether it had been substantially altered after the taking of the photographs. In fact, his testimony established that no change of its condition occurred. He properly identified the scene depicted in the seized photographs. The photographs are relevant to the material issue of appellant’s possession of the greenhouse. It is immaterial whether the marijuana plants depicted in the photographs are the same as those seized by Gibson as long as appellant was in possession of the contents of the greenhouse on October 30, 1981. The record unequivocally established the fact of appellant’s possession. Consequently, we find no error in their admission.
Ill
Contrary to appellant’s contention, the State’s evidence sufficiently established his possession of the marijuana. Numerous receipts of bills, automobile title certificates, and a canine registration certificate, as well as testimony from appellant’s neighbors, established his dominion and control over the premises and his construc *137 tive possession of the marijuana. Thus, denial of appellant’s motion to exclude was not error. Mitchell v. State, 395 So.2d 124 (Ala.Cr.App.1980), cert. denied, 395 So.2d 127 (Ala.1981).
IV
Lastly, appellant argues that comments made by the State during its rebuttal argument constituted reversible error.
A
The first comment, “You saw these sacks, where he’d been bagging it up in pound bags to sell anywhere from seven hundred and fifty to a thousand dollars a pound,” was permissible as a reasonable inference from the evidence.
The evidence adduced at trial revealed that inside appellant’s trailer were found plastic freezer and sandwich bags of assorted sizes, bags with marijuana residue therein, and a quantity of marijuana contained in a plastic bag. Seized from the greenhouse was over one hundred pounds of marijuana. Its value was estimated at between $40 to $100 for an ounce and $700 to $1,000 for a pound. The above argument was a reasonable and legitimate inference arising from the evidence and, therefore, proper. Sanders v. State, 426 So.2d 497 (Ala.Cr.App.1982); Pickett v. State, 417 So.2d 589 (Ala.Cr.App.1982).
B
The second complained of remark appears in the record as follows:
“HON. JANICE WILLIAMS: Mr. Drin-kard asked you and all the other members of the jury venire this morning if you had children between the ages of 19 and 25.
“HON. EDWARD W. DRINKARD: Not any evidence before this jury in this case.
“THE COURT: Overruled.
“HON. JANICE WILLIAMS: He wanted to know who had children between the ages of 19 and 25,'because ya’ll are the ones who .
“HON. EDWARD W. DRINKARD: I object to that being improper argument.
“HON. JANICE WILLIAMS: Judge, it’s inference.
“THE COURT: She can argue — overruled.”
Appellant’s objection, quoted above, was general in nature; assigning no specific grounds thereto. On appeal, however, appellant for the first time specifically contends that the above quoted remark “was calculated to create ill will or prejudice against Appellant’s Counsel and to make the tacit implication that the jurors were being unscrupulously deceived thereby.”
As to the latter ground asserted by appellant, although not properly before us, we find nothing in the comment, either directly or indirectly, to support his contention.
While the State’s comment is directed to matters not presented as evidence to the jury, the record reflects that appellant’s counsel did, in fact, inquire of the venire that which is encompassed in the above remark. The jury had knowledge of the matter contained in the comment prior to rebuttal argument of the State. Thus, the State did not inform the jury of anything of which it was not already aware.
From the posture of the record before us, we can only speculate as to the. inference the State was attempting to draw from its comment. By objecting at the time he did, appellant prevented the State from making its inference and, thus, possibly injecting immaterial and irrelevant material into the trial. Consequently, we cannot ascertain the context in which the remark was made. See Barbee v. State, 395 So.2d 1128 (Ala.Cr.App.1981).
A careful review of the above quoted comment, in light of the whole record, leads us to the conclusion that the remark was not prejudicial to appellant. No reversible error occurred.
There appearing no errors on review of the record filed before us, this cause is hereby affirmed.
AFFIRMED.
All the Judges concur.

. See Illinois v. Gates, — U.S. -, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (wherein the Aguilar-Spinelli test was abandoned for a totality of the circumstances standard).

. Both appellant and the State introduced evidence at the suppression hearing that appellant had used the name Ryan Phillips when establishing his account with Alabama Power Company for his residence. At trial, the State introduced other evidence indicating that appellant had used the above name on more than his electric power account.

. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

. At his motion to suppress, appellant admitted that the greenhouse and marijuana therein, depicted in the seized photographs, belonged to him. He stated that he took the photographs sometime in June 1981, and identified himself, his brother, and his dog in some of them.