The appellant was found guilty of possession of marijuana for personal use and sentenced to imprisonment in the Mobile County Jail for one year and fined $300.00.
 I.
The appellant contends that the trial court erred in denying her motion to suppress evidence seized pursuant to the search warrant because the search warrant was made with reckless disregard for the truth. On the basis of an informant's tip, the affidavit for the search warrant stated that the search was to be made of Michael Mulhern's apartment, 705 Saraland Apartments. However, the appellant contends that this statement was false because the apartment was rented under the appellant's name, Nannette McCray. The appellant asserts that no investigation was made to determine whose apartment was to be *Page 533 
searched and that no determination was made regarding the reliability of the informant. It was later revealed that the informant was the ex-husband of the appellant. The record, however, indicates that men's clothing was found in the master bedroom closet and mail addressed to Mulhern was found in the apartment. Testimony of the maintenance man indicated Mulhern was at the apartment two or three times a week, and there was testimony by a police officer who noticed that Mulhern's car was often parked in front of appellant's apartment.
It is well-established that "[a]ll that is constitutionally required is that the affidavit support a finding that the informant is reliable or credible and has a sufficient basis of knowledge for the information supplied." Mims v.State, 442 So.2d 133, 135 (Ala.Cr.App. 1983), citingIllinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317,76 L.Ed.2d 527 (1983). "In Illinois v. Gates [citation omitted], the United States Supreme Court [stated] . . .
 'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for conclud[ing]" that probable cause existed.' " Houk v. State, 455 So.2d 115 (Ala.Cr.App. 1984).
In the present case, the finding of clothes and mail, taken with the testimony, indicates that, despite appellant's contention, Michael Mulhern resided at 705 Saraland Apartments. The fact that the apartment and the utility bills were listed under Nanette McCray's name does not necessarily negate the affiant's claim that it was Mulhern's residence.
Regarding the alleged lack of credibility of the informant, the affiant stated in his testimony that he had connected Mulhern with McCray during a previous investigation of marijuana trafficking and that McCray received his marijuana through Mulhern. The informant's claim that Mulhern had tried to sell him marijuana is supported by the findings of the affiant's previous investigation. The fact that McCray had not previously given information does not make him unreliable. "An informant need not have a track record before his veracity can be established. W. LaFave, 1 Search and Seizure 510 and 522 (1978)." Pugh v. State, 493 So.2d 388 (Ala.Cr.App. 1985). Although the police officer should have done more to clarify the truth of the informant's tip, the fact that McCray had prior felony convictions does not necessarily disqualify him from being a reliable informant. See Archie v.State, 455 So.2d 122, 126-127 (Ala.Cr.App. 1984). The affidavit verified McCray's information and connection with Mulhern via other sources regarding marijuana trafficking organization in Saraland. Therefore, the affidavit was not made with reckless disregard for the truth.
 II.
Appellant also argues that the motion to suppress evidence should have been granted due to a lack of probable cause for the issuance of a search warrant. " '[T]he duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed. Jones v. United States, supra,362 U.S. at 271, 4 L.Ed.2d 697, 80 S.Ct. 725 [736], 78 ALR.2d 233.' "Archie, supra, at 126. See also Illinois v.Gates, 462 U.S. 213, 103 S.Ct. 2332, 76 L.Ed. 543. Under the totality of the circumstances test, the affidavit was sufficient to support a finding of probable cause for the reasons given above.
 III.
Appellant maintains that the State failed to prove a prima facie case of possession of marijuana for personal use. The record indicates that Nanette McCray resided in number 705 Saraland Apartments. The apartment and bills were listed in her *Page 534 
name, women's clothes were found in the bedroom, and she was seen and identified at her apartment. The State relies onGilliland v. State, 466 So.2d 151 (Ala.Cr.App. 1984), in arguing that the State did prove a prima facie case. In that case, Gilliland admitted knowledge of the marijuana in his house. He said it had been brought there the day before by a man whose last name he did not know. The marijuana, as well as other paraphernalia, was found in several places throughout the apartment. The court held:
 "Although it cannot be said with absolute certainty that appellant knowledgeably had possession of the marijuana, we are of the opinion that the evidence was sufficient to present a jury issue as to whether the marijuana was in his apartment with his knowledge and consent." Gilliland at 156.
These facts presented in Gilliland are distinguishable from the facts in the present case. The evidence does not indicate that Nanette McCray knew of the presence of the marijuana in her apartment. Two small bags of marijuana were found and both of them were in the kitchen area of the apartment. There was no evidence indicating how long they had been there nor that the appellant knew of their existence. In fact, testimony indicated that the appellant had last been sighted at her apartment three days prior to the search. Such a showing, without more, is not sufficient to support a conviction of constructive possession.
 "A prima facie case of possession of a prohibited drug or substance must show constructive possession by the accused of a controlled substance plus knowledge on his part of the presence of the narcotic. Yarbrough v. State, 405 So.2d 721 (Ala.Cr.App. 1981); Roberts v. State, 349 So.2d 89
(Ala.Cr.App. 1977), cert. denied, 349 So.2d 94
(Ala. 1977). Constructive possession of a narcotic requires proof beyond a reasonable doubt that the defendant had knowledge of the drug's presence, Temple v. State, 366 So.2d 740
(Ala.Cr.App. 1978), which may be established by the surrounding facts and circumstances, McCord v. State, 373 So.2d 1242
(Ala.Cr.App. 1979)." Story v. State, 435 So.2d 1360, 1363 (Ala.Cr.App. 1982).
The only thing established by the State that goes toward proof of the crime was that the appellant resided at the address where the marijuana was found. However, the State also established that the appellant did not have exclusive dominion and control over the premises.
 "[T]he law in Alabama is clear that where a person is in possession, but not exclusive possession of premises, it may not be inferred that [s]he knew of the presence of any controlled substance found there unless there are other circumstances tending to buttress this inference. 56 ALR.3d 948, 957 (1974). See also Mulligan v. State, 513 P.2d 180 (Wyo. 1973); Feltes v. People, 178 Colo. 409, 498 P.2d 1128 (1972)." Temple v. State, 366 So.2d 740, 743 (Ala.Cr.App. 1979).
As in the Temple case, there is absolutely nothing aside from the fact that the marijuana was found in her kitchen to show the appellant was aware of the marijuana in her apartment. Without additional evidence, this conviction cannot be affirmed. See Temple at 743-44.
REVERSED AND RENDERED.
All the Judges concur.