The appellant, Donald Keith Hyde, was convicted of trafficking in cannabis, in violation of § 20-2-80, Code of Alabama 1975. He was sentenced to three years' imprisonment and fined $25,000.
On appeal, Hyde contends that the trial court erred to reversal in denying his motion to suppress certain contraband, and in receiving that contraband into evidence at trial. After careful review of the record, we hold that the court did violate constitutional prohibitions.
The state's evidence tended to show that the Arab Police Department received a tip from a confidential informant that the appellant was in possession of a large quantity of marijuana. The municipal court issued a search warrant for a search of the appellant's premises, which said:
 "William H. Strickland III . . ., being duly sworn, deposes and says that he has probable cause for believing and does believe that there is now stored in, or about the premises of Donnie Hyde . . . to wit: The residence, barn, outbuildings or premises of said [sic] a quantity of marijuana. . . ."
The warrant was based on an affidavit executed by Officer William Strickland, an investigator with the Arab Police Department, which said:
 "The probable cause for believing the above arises out of the following facts, to wit: A reliable informant who has proven to be reliable in the past on at least one occasion, which resulted in the seizure of a large quantity of marijuana, stated to affiant that there is now stored on the premises a large quantity of marijuana, within the last 24 hours."
No other information was given to the warrant issuing authority. *Page 1133 
The search warrant was served by Officer Strickland and other law enforcement officers some two days after its issuance. The officers found 2.2 pounds of marijuana in an outbuilding.
Section 15-5-3, Code of Alabama 1975, provides:
 "A search warrant can only be issued on probable cause, supported by an affidavit naming or describing the person and particularly describing the property and the place to be searched."
The Supreme Court of the United States set the standard for determining probable cause by the "totality of the circumstances" test in Illinois v. Gates,462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983):
 "[W]e conclude that it is wiser to abandon the 'two-pronged' test established byour decisions in Aguilar [v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964)], and Spinelli [v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)]. In its place we reaffirm the totality-of-the-circumstances analysis that traditionally has informed probable cause determinations. See Jones v. United States [362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)], supra; United States v. Ventresca, 380 U.S. 102, 85S.Ct. 741, 13 L.Ed.2d 684 (1965); Brinegar v. United States, 338 U.S. 160, 69S.Ct. 1302, 93 L.Ed. 1879 (1949). The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed. Jones v. United States, 362 U.S. at 271, 80 S.Ct., at 736."
462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548.
The Court also wrote in Gates that "an informant's 'veracity,' 'reliability,' and 'basis of knowledge' are all highly relevant in determining the value of his report,"462 U.S. at 230, 103 S.Ct. at 2328, 76 L.Ed.2d at 543. But the Court added, however, regarding " 'veracity' or 'reliability' and . . . 'basis of knowledge,' " that these elements should not be given "independent status":
 "[T]hey are better understood as relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability."
462 U.S. at 233, 103 S.Ct. at 2329, 76 L.Ed.2d at 545.
In Bishop v. State, 518 So.2d 829, 831
(Ala.Cr.App. 1987), on the issue of whether an affidavit for a search warrant satisfied the requirement of probable cause, this court held:
 "When considered alone, the informant's tip, . . . does not furnish the probable cause necessary to obtain a search warrant. We do not know how or when the informant obtained his knowledge. We do not know that the informant is credible or his information reliable."
Bishop was affirmed partly on the basis that the informants' tip was corroborated by an independent police investigation, as was Williams v. State,530 So.2d 881 (Ala.Cr.App. 1988).
The task of the issuing magistrate is to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of the person supplying the information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317,76 L.Ed.2d 527 (1983). The duty of a reviewing court is to insure that the magistrate had a substantial basis for concluding that probable cause existed. Id. at 214,103 S.Ct. at 2320; McCray v. State, 501 So.2d 532
(Ala.Cr.App. 1986).
In this case, the affidavit quoted above made a boilerplate assertion that the informant had been reliable on at least one *Page 1134 
occasion but stated no facts relating to the basis of the informant's knowledge. In Channell v. State,477 So.2d 522, 525 (Ala.Cr.App. 1985), we said that the informants' veracity, reliability, and basis of knowledge are highly relevant in determining probable cause under the "totality-of-the-circumstances" test as adopted byGates, supra. In Channell, supra, there was enough "self-verifying detail" to supply the deficiency in that case. There is no self-verifying detailed information contained in this affidavit.
The state, in its brief, principally contends that even if the affidavit is defective, the contraband seized should be admissible under a "good-faith exception" to the exclusionary rule as established by United States v. Leon,468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). InLeon, supra, the police officer's application for a search warrant was supported by much more than a "boilerplate" affidavit.
There is nothing here but a conclusionary statement, clearly inadequate under the United States Supreme Court requirements.
REVERSED AND RENDERED.
All the Judges concur.