BOWEN, Judge.
Robin Eugene Rider was convicted of possession of marijuana for personal use, sentenced to twelve months’ imprisonment, and fined $500. He raises two issues on this appeal of that conviction.
I
The contraband in this case was discovered pursuant to a search warrant based on *527 an affidavit by Sergeant Jerry Hunt, an investigator with the Houston County sheriffs department. The affidavit states that Sergeant Hunt
“has probable cause to believe and does believe that Melinda Jane Rider and Robin Rider, whose names are otherwise unknown, have in their possession marijuana, contrary to law, at their residence located at Rt. 1, Box 266, Ashford, Alabama. Affiant states that a reliable informer told affiant that she was at the above residence within the past 48 hours and saw Melinda Jane Rider and Robin Rider in possession of marijuana.”
The defendant claims that the search warrant was not supported by probable cause because the affidavit contained no facts from which the issuing magistrate could determine the informer’s veracity.
At the hearing on the motion to suppress, Sergeant Hunt testified that the informant was Autumn Hale, the defendant’s 12- or 13-year-old stepdaughter, who resided with the defendant and who described in detail the location of marijuana and paraphernalia in the defendant’s residence. Had these facts been disclosed to the issuing magistrate at the time of the application for the warrant, the magistrate would have been justified in finding Autumn Hale, a citizen informant, presumptively reliable. People v. Schulle, 51 Cal. App.3d 809, 124 Cal.Rptr. 585, 589 (1975) (14-year-old girl who told officer she had seen marijuana in stepfather’s bedroom was a citizen informant whose reliability could be presumed in absence of other facts); Lewis v. State, 255 Ga. 101, 335 S.E.2d 560, 563 (1985) (reliability of accused’s 10-year-old daughter who was an eyewitness to accused’s crime presumed in absence of any “reason to believe the child would give false information about her own mother”). “[Ejven ‘[a] “bare bones” affidavit can be validated if it is supplemented with additional facts which the magistrate considered before determining that probable cause was present.’ Crittenden v. State, 476 So.2d 632, 634 (Ala.1985).” Moss v. State, 536 So.2d 129 (Ala.Cr.App. 1988). This record, however, does not show that Sergeant Hunt gave the magistrate Autumn Hale’s name or told the magistrate of her relationship to the defendant. Although we could remand this cause for a hearing to determine what, if any, additional facts were disclosed to the magistrate but not included in the affidavit, see Swain v. State, 504 So.2d 347, 352 (Ala.Cr.App. 1986); Davis v. State, 500 So.2d 472, 474 (Ala.Cr.App.1986); Oliver v. State, 46 Ala. App. 118, 122, 238 So.2d 916 (1970), we find it unnecessary to do so, since the warrant can still be upheld under Illinois v. Gates, 462 U.S. 213,103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
In Gates, the United States Supreme Court held that an informant’s “veracity” and “basis of knowledge” are not “entirely separate and independent requirements to be rigidly exacted in every case.” 462 U.S. at 230, 103 S.Ct. at 2328.
“Instead, they are better understood as relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations: 'a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other...”
“[Ejven if we entertain some doubt as to an informant’s motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case.” Id., 462 U.S. at 233-34, 103 S.Ct. at 2330 (emphasis added).
Following the Gates analysis, then, the deficiency in the affidavit’s recital of the informant’s reliability was compensated for by the strong showing of the informant’s basis of knowledge: 48 hours before the making of the affidavit the informant personally saw the defendant in possession of marijuana at his residence.
Finally, even if the affidavit were found to be invalid, we would still uphold the denial of the motion to suppress because the officer exercised good faith in obtaining the search warrant.
*528 “The Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution’s case in chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a. detached and neutral magistrate but ultimately found to be invalid. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); McBride v. State, 492 So.2d 654, 658 (Ala.Cr.App.1986). Although the ‘good faith’ exception does not apply to a ‘bare bones’ affidavit or one so lacking in indi-cia of probable cause as to render official belief in its existence unreasonable, the affidavit in this case was not so lacking. Crittenden v. State, 476 So.2d at 635.” Moss v. State, 536 So.2d 129 (Ala.Cr.App. 1988).
II
The defendant contends that the trial court should have granted his motion for judgment of acquittal because the State failed to show his knowledge of the presence of marijuana in his residence.
The contraband in this ease was found in two places: (1) a box in the closet of the bedroom shared by defendant and his wife; and (2) a straw basket containing 60 partially-smoked marijuana cigarettes on the coffee table in the living room.
Citing McCray v. State, 501 So.2d 532 (Ala.Cr.App.1986), and Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978), the defendant claims that he was not in exclusive possession of the premises and that there were no circumstances tending to corroborate the inference that he knew of the presence of the marijuana.
Unlike McCray and Temple, here there were facts pointing to defendant’s awareness of the presence of the controlled substance. In the same box with the contraband found in the bedroom closet was'a pair of carburetor float scales. The defendant was a race car enthusiast. The location of 60 partially smoked marijuana cigarettes in a basket openly displayed on the living room coffee table, “a place which is not easily unnoticed,” McHellen v. State, 351 So.2d 689, 692 (Ala.Cr.App.1977), also undercuts the defendant’s claim that he was unaware of the contraband. See Laffitte v. State, 370 So.2d 1108, 1109 (Ala.Cr. App.), cert. denied, Ex parte Laffitte, 370 So.2d 1111 (Ala.1979) (“[t]he fact that the heroin was found in. plain view on a coffee table in the living room of an inhabited apartment constituted sufficient proof of the crime of possession”). Cf McCray v. State (contraband found only in kitchen and accused had been absent from premises for three days prior to search); Temple v. State (contraband found in headache powder packet in freezer to which workman had access).
Under the facts of,> this case, the defendant’s guilt or innocence was a question for the jury. “The standard in reviewing the sufficiency of the evidence ‘is not whether in our opinion the evidence and all reasonable inferences therefrom failed to exclude every hypothesis other than guilt, but rather whether there was evidence from which the jury might reasonably so conclude.’ Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr. App.1978).” German v. State, 429 So.2d 1138, 1143 (Ala.Cr.App. 1982).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.