MONTIEL, Judge.
The appellant, Eladio Yu Stubblefield, was indicted on a charge of trafficking in cocaine, § 13A-12-231, Code of Alabama 1975, and possession of cocaine, § 13A-12-212, Code of Alabama 1975. The appellant entered a “best interest” guilty plea, North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to trafficking in cocaine after reserving the right to appeal the trial court’s ruling against him at a suppression hearing. The cocaine possession charge was nol-prossed. Stubblefield was sentenced to a 10-year split sentence, and was ordered to serve three years in prison and was thereafter placed on five yeai-s’ probation. He also was ordered to pay a $50,000 fine.
On September 10, 1991, a confidential informant known to Officer Billy Ware of the Huntsville Police Department agreed to telephone a drug supplier and offer to purchase some cocaine. Other officers of the Huntsville Police Department had the supplier’s house under surveillance when the informant, in Officer Ware’s presence, placed the telephone call to a beeper number and left a message. The telephone call was returned at about 10:45 p.m., and Ware listened in during the conversation. The informant ordered one-quarter ounce of cocaine, and the supplier agreed to meet the informant at the Department of Human Resources building in about 15 minutes. Between 11 p.m. and 11:05 p.m., the officers who were watching the house saw the appellant leave the house, get into a black Trans-Am automobile and back out of the driveway. Those officers followed the appellant, but Officer Ware remained with the informant, listening to the other officers on the police radio.
The appellant went to the Department of Human Resources building, where police attempted to stop him. An officer saw the appellant throw a package from his car, then drive about 100 yards before stopping. Police recovered the package on the side of the road; the package contained cocaine. After Officer Ware took possession of the package, he drafted an affidavit in support of a warrant to search the appellant’s house. He testified that he gave the affidavit under oath, and that he signed the affidavit. The narrative portion of the affidavit reads as follows:
“On 09/10/91 at approximately 2245 hours information was received from a reliable and confidential source that Eladio Stubblefield of 4807 Blue Haven Dr. would be leaving his residence at 4807 to make a delivery of cocaine. Surveillance was set up on the residence by members of the Narcotics Division with other members in locations nearby. At approximately 2305 hours, Stubblefield was observed to walk out of his house and get into his black Trans-Am. He backed out and drove to the area of the Department of Human Resources Building at the intersection of Blue Springs Road followed by the Narcotics personnel. Upon arriving, an attempt was made to stop the subject, and he threw a clear plastic bag containing cocaine out of the vehicle.
“Previous intelligence and surveillance has shown the subject to live at the above location. He was seen there and followed from there just prior to being stopped with a quantity of cocaine in his possession and was not observed to stop any other place after leaving the residence.”
After obtaining the warrant, Officer Ware took it to Stubblefield’s house, where he met Stubblefield and other police. The police used Stubblefield’s key to enter the house. *322 During a search, they discovered two ounces of cocaine and a set of scales of the type used to weigh cocaine. The appellant moved to suppress the evidence seized during the search; the trial court denied his motion.
I
The appellant contends that the affidavit supporting the search warrant did not establish probable cause for the issuance of the warrant. Probable cause must be determined by examining the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The issuing magistrate must
“make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a ‘substantial basis for concluding’ that probable cause existed.”
Id. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548; Hyde v. State, 534 So.2d 1132, 1133 (Ala.Crim.App.1988); Marks v. State, 575 So.2d 611, 614-15 (Ala.Crim.App.1990).
In this case, the judge who issued the warrant had a substantial basis for concluding that probable cause existed, independent even of what the confidential informant told Officer Ware. According to the affidavit the judge relied upon, police were observing the appellant’s house before the informant telephoned the beeper number allegedly belonging to the appellant. The confidential informant then received a telephone call, which Officer Ware overheard, arranging the drug buy. Police watched as the appellant left his house at the appointed time and went to the area designated for the deal to take place. Stubblefield did not stop between his house and the designated place where the transaction was to take place. When a police officer tried to stop the appellant, the officer saw him toss a package from the car, then drive another 100 yards before stopping. The package was recovered and was found to contain cocaine. Because the appellant did not stop between the time he left his home and the time he threw the cocaine from his car, it is reasonable to assume the drugs had been in his home. Based on these facts, the issuing judge had a substantial basis for believing probable cause existed to issue the warrant.
II
The appellant also maintains that the trial court erred by failing to suppress the evidence gathered during the search of the appellant’s home because, he said, the affiant failed to say that he did not personally witness the acts of the appellant that formed the basis for the issuance of the warrant, but that he instead relied upon what he was told by other officers.
During the transaction, Officer Ware remained with the informant who set up the drug buy. He was not involved in the surveillance of the appellant’s home, nor was he a witness to Stubblefield’s arrival at the Department of Human Resources building or to his throwing the package containing cocaine from the car. Officer Ware was, however, listening to the police radio as the appellant was followed and picked up. Other officers involved in the surveillance and arrest of Stubblefield told Ware what had happened. Information from other officers may be relied upon by an officer swearing out a warrant. Marks, supra at 615, citing United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). However, “[t]o comply with the requirements of particularity and to make an independent probable cause evaluation, ... the agent must state in the affidavit that he is relying upon other officers.” Marks, supra, citing United States v. Kirk, 781 F.2d 1498 (11th Cir.1986). Officer Ware did not say in his affidavit that he was relying on information based on other officers; therefore the affidavit was defective.
However, a defective affidavit may be cured by the admission of oral testimony. Nelms v. State, 568 So.2d 384, 386 (Ala.Crim.App.1990); Griffith v. State, 386 So.2d 771 (Ala.Crim.App.), cert. denied, 386 So.2d 775 (Ala.1980). Officer Ware testified that while he did not state in the affidavit that he was *323 relying upon information provided by other officers, “there was discussion [with the judge] to that effect.” Officer Ware’s oral testimony that the judge was told that Ware was relying on information from other officers cures any defect in the affidavit. Nelms v. State, 568 So.2d at 386. Therefore, we find that the trial court did not err in denying the appellant’s motion to suppress the evidence gathered as a result of the search of his home.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.