MALONE, Chief Justice
(dissenting).
I respectfully dissent from the denial of this petition for a writ of certiorari. I am concerned that on its face the search warrant is defective in that the “Application and Affidavit for Search Warrant” did not present enough information to justify the issuance of the warrant. The affidavit states:
“Within the last 24 hours I spoke with a reliable and confidential informant who has given information in the past that has proved to be true and correct. The informant advised that within the last 72 hours, Marihuana was seen in the possession of a black male known to the Cl as ‘Snake’ at the newly bricked house on the north side of the 400 block of East Lafayette Street....
[[Image here]]
“The Cl advised that drugs other than marihuana have been seen at this residence, namely ecstacy pills and illegally obtained prescription drugs. The Cl also said that ‘Snake’ is known to hide some of his drugs along the property line between the brick house and the blue corner house.”
My first concern is the reliability of the confidential informant. In Hyde v. State, 534 So.2d 1132, 1133-34 (Ala.Crim.App.1988), the court held that an affidavit that “made a boilerplate assertion that the informant had been reliable on at least one occasion but stated no facts relating to the basis of the informant’s knowledge” did not contain enough “self-verifying detail,” *875 and the affidavit was therefore defective. “Self-verifying detail” was described in Channell v. State, 477 So.2d 522, 525 (Ala.Crim.App.1985), as an informant’s tip that “describ[es] the accused’s criminal activity-in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld.... ” In the present case, I do not believe that the statement, “I spoke with a reliable and confidential informant who has given information in the past that has proved to be true and correct,” in combination with the fact that the informant advised the investigator that marijuana “was seen in the possession of a black male” contains the necessary “self-verifying detail” to establish the reliability of the confidential informant. No basis is provided for his reliability, and the affidavit does not state whether the confidential informant actually saw the marijuana. Additionally, that information given by the informant has “proved to be true and correct” in the past does not address whether the past information involved drugs or some other type of criminal activity, an omission that presents further problems as to the informant’s reliability.
My next concern is that the affidavit refers to drugs having been seen “at” the residence. In Ex parte Green, 15 So.3d 489 (Ala.2008), this Court discussed the necessity of probable cause in the issuance of a search warrant:
“The Fourth Amendment to the United States Constitution provides, in pertinent part, that ‘[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation.’ Thus, ‘[a] search warrant may only be issued upon a showing of probable cause that evidence or instrumentalities of a crime or contraband will be found in the place to be searched.’ United States v. Gettel, 474 F.3d 1081, 1086 (8th Cir.2007). Moreover, ‘ “[sufficient evidence must be stated in the affidavit to support a finding of probable cause for issuing the search warrant,” and “[t]he affidavit must state specific facts or circumstances which support a finding of probable cause[;] otherwise the affidavit is faulty and the warrant may not issue.” ’ Ex parte Parker, 858 So.2d 941, 945 (Ala.2003) (quoting Alford v. State, 381 So.2d 203, 205 (Ala.Crim.App.1979)).”
15 So.3d at 492 (emphasis added). Merriam-Webster’s Collegiate Dictionary (11th ed. 2003), defines “in” as “located inside or within,” while “at” is defined as “a function word to indicate the presence or occurrence in, on, or near.” In the present case, the affidavit references marijuana and other drugs having been seen “at” the residence and notes that “ ‘Snake’ is known to hide some of his drugs along the property line between the brick house and the blue corner house.” Nothing in the affidavit indicates that marijuana or other drugs were actually seen “in” the residence. Further, the fact that drugs may be hidden along a property line between a brick house and a blue corner house does not establish whether the drugs can be attributed to the brick house or to the blue corner house.
Finally, although Bobby Rogers Lane did not make an argument as to the time period referenced in the affidavit, I believe that, in looking at the face of the affidavit, the time period is further evidence that probable cause is lacking. The affidavit states that the investigator spoke with the confidential informant “[wjithin the last 24 hours” and that “[t]he informant advised that within the last 72 hours” marijuana “was seen” in the possession of “Snake” and that other drugs “have been seen” at *876 the residence. In Lewis v. State, 589 So.2d 758, 759 (Ala.Crim.App.1991), the court held an affidavit deficient where it “failfed] to refer to the date when the informant allegedly observed cocaine at the appellant’s residence.” Further, in Ex parte Green, 15 So.3d at 494, this Court recognized that a phrase in an affidavit such as “had observed” refers to a past action and is ineffective to establish probable cause. In the present case, nothing in the affidavit indicates a time or date when the drugs were actually seen, a time and date that, from the face of the affidavit, could have been as long as 96 hours before the search warrant was issued.
Thus, the affidavit in question asserts that the informant provided true information in the past without any detail as to how that past truthfulness might bear on the present case. The only information provided is that illegal drugs have been seen in the possession of the man identified as “Snake” in the vicinity of the “newly bricked house” as much as four days before application was made for the search warrant. In addition to the lack of an indicia of reliability of the informant, the affidavit lacks any information suggesting personal knowledge by the informant. The information provided lacks any detail as to when the drugs were seen, and there is no indication that drugs were ever seen in the residence or that “Snake” even resides there. I cannot conclude that such an application provides sufficient support for a finding of probable cause to search that residence. United States v. Gettel, 474 F.3d 1081 (8th Cir.2007), Ex parte Green, supra, and Ex parte Parker, 858 So.2d 941 (Ala.2003).
Ex parte Green recognizes that, even if an affidavit is defective on its face, “its deficiency may be cured by information an affiant supplied to the issuing authority in addition to the assertions in the affidavit.” 15 So.3d at 495. In Green, the Court determined such a circumstance did not exist because the officer testified that he did not recall telling the issuing judge anything other than what was stated in the affidavit itself. 15 So.3d at 495. The Court goes on to quote the following from Nelms v. State, 568 So.2d 384, 387-89 (Ala.Crim.App.1990):
“ ‘[T]he only possible way to justify the admission of the evidence seized pursuant to the search warrant in this case would be as a “good faith” exception to the exclusionary rule as enunciated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In Leon, “the Supreme Court held that evidence obtained pursuant to a facially-valid search warrant, later found to be invalid is inadmissible if the executing officers acted in good faith and in objectively reasonable reliance on the warrant.” United States v. Hove, 848 F.2d 137, 139 (9th Cir.1988). However, the Leon Court specifically noted four circumstances when it cannot be asserted that the officer is acting in “good” faith because “the officer will have no reasonable grounds for believing that the warrant was properly issued.” Leon, 468 U.S. at 923. One of these circumstances is when an officer relies “on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.’ ” In its discussion of this circumstance, the Supreme Court stated that ‘"Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusion of others.’” Leon, 468 U.S. at 915 (quoting Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).
[[Image here]]
*877 “ ‘ “Leon does not extend, however, to allow the consideration of facts known only to an officer and not presented to a magistrate. The Leon test for good faith reliance is clearly an objective one and it is based solely on facts presented to the magistrate. Leon, 468 U.S. at 923, 104 S.Ct. at 3421. ... “ ‘ “... When the officers have not presented a colorable showing, and the warrant and affidavit on their face preclude reasonable reliance, the reasoning of Leon does not apply. To permit the total deficiency of the warrant and affidavit to be remedied by subsequent testimony concerning the subjective knowledge of the officer who sought the warrant would, we believe, unduly erode the protections of the fourth amendment.” ’ ”
15 So.3d at 495-96 (emphasis omitted). The Court then holds that “[t]he application of and rationale for the good-faith exception are particularly inappropriate where, as here, the officer is executing a search warrant that depends on his own affidavit.” 15 So.3d at 496-97. In the instant case, although the investigator could have cured any of and all the above-mentioned defects by presenting additional information to the magistrate at the time of issuance, the investigator testified that he did not recall the magistrate’s asking him any questions as to the contents of the affidavit. I do not believe the affidavit itself presents probable cause, nor do I believe the good-faith exception is applicable.
Based on the concerns I have discussed above, I do not believe there was probable cause to issue the search warrant. Accordingly, I dissent from the denial of Lane’s petition.